1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEFFREY TAYLOR and ROBERT SELWAY,
on behalf of themselves and all others similarly
situated,

                    Plaintiffs,

          v.

AMAZON.COM, INC., a corporation,

                    Defendant.

No. 2:24-cv-00169-MJP

AMAZON.COM, INC.'S MOTION
TO DISMISS

*Oral Argument Requested*

NOTE ON MOTION CALENDAR:
May 3, 2024

AMAZON'S MOTION TO DISMISS
(2:24-cv-00169-MJP)

## TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................................1

II.   BACKGROUND .........................................................................................................2

    A.    Shopping in the Amazon.com Store ...............................................................2

    B.    Plaintiffs' CPA Claim .....................................................................................4

III.  LEGAL STANDARD ..................................................................................................5

IV.   ARGUMENT ..............................................................................................................6

    A.    Plaintiffs' Damages Claim Is Untimely. .........................................................6

    B.    Plaintiffs Fail to State a Viable CPA Claim....................................................9

        1.    The Challenged Business Practice Is Neither "Deceptive" Nor "Unfair." ......................................................................................10

        2.    Plaintiffs Have Not Been Injured..........................................................14

        3.    Amazon Did Not Cause the Alleged Harm............................................15

V.    CONCLUSION.........................................................................................................16

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# <u>TABLE OF AUTHORITIES</u>
## CASES

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)....................................................................................5

*Babb v. Regal Marine Indus., Inc.*,
    2014 WL 690154 (Wash. Ct. App. Feb. 20, 2014)....................................10

*Behnke v. Ahrens*,
    172 Wn. App. 281 (Wash. Ct. App. 2012) ......................................10, 14

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)................................................................................5, 15

*Boeing Co. v. Sierracin Corp.*,
    108 Wash. 2d 38 (1987)...............................................................................13

*Bund v. Safeguard Properties LLC*,
    2018 WL 3917930 (W.D. Wash. Aug. 16, 2018) ........................................5

*Cole v. Keystone RV Co.*,
    2021 WL 3111452 (W.D. Wash. July 22, 2021) .......................................11

*Contreras v. Heritage Univ.*,
    669 F. Supp. 3d 1061 (W.D. Wash. 2023)................................................13

*Coto Settlement v. Eisenberg*,
    593 F.3d 1031 (9th Cir. 2010) .....................................................................4

*Dees v. Allstate Ins. Co.*,
    933 F. Supp. 2d 1299 (W.D. Wash. 2013)...............................................6, 9

*Frame-Wilson v. Amazon.com, Inc.*,
    No. 2:20-cv-00424-JHC (W.D. Wash.), ECF No. 1 ..................................8

*Girard v. Myers*,
    39 Wn. App. 577 (Wash. Ct. App. 1985) ................................................15

*Gragg v. Orange Cab Co., Inc.*,
    942 F. Supp. 2d 1111 (W.D. Wash. 2013)...............................................15

*Gray v. Amazon.com, Inc.*,
    653 F. Supp. 3d. 847 (W.D. Wash. 2023)..........................................11, 13

*Greene v. Young*,
    2008 WL 2779015 (Wash. Ct. App. July 14, 2008) (unpublished)..........9

AMAZON'S MOTION TO DISMISS
(2:24-cv-00169-MJP) - ii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
  105 Wn. 2d 778 (1986) ........................................................................9

*HB Dev., LLC v. W. Pac. Mut. Ins.*,
  86 F. Supp. 3d 1164 (E.D. Wash. 2015) ...........................................11

*Keithly v. Intelius Inc.*,
  764 F. Supp. 2d 1257 (W.D. Wash. 2011)..........................................12

*Klem v. Wash. Mut. Bank*,
  176 Wn. 2d 771 (2013) ..................................................................9, 13

*Lewis v. Chase Home Fin. LLC*,
  2011 WL 6149245 (W.D. Wash. Dec. 12, 2011) ................................16

*Marts v. U.S. Bank Nat'l Ass'n*,
  166 F. Supp. 3d 1204 (W.D. Wash. 2016).....................................15, 16

*Mason v. Mortg. Am., Inc.*,
  114 Wn. 2d 842 (1990) .....................................................................14

*Montes v. Sparc Grp. LLC*,
  2023 WL 4140836 (E.D. Wash. June 22, 2023) .................................15

*Panag v. Farmers Ins. Co.*,
  166 Wn. 2d 27 (2009) ..................................................................10, 14

*Pattison v. Omnitrition Int'l, Inc.*,
  2018 WL 2984820 (W.D. Wash. June 14, 2018)..................................9

*Pohl v. MH Sub I, LLC*,
  332 F.R.D. 713 (N.D. Fla. 2019) .........................................................7

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
  442 F.3d 741 (9th Cir. 2006) ...............................................................7

*Robinson v. Avis Rent A Car Sys., Inc.*,
  106 Wn. App. 104 (Wash. Ct. App. 2001) ........................................12

*Schnall v. AT & T Wireless Servs., Inc.*,
  171 Wn. 2d 260 (2011) ......................................................................15

*Shepard v. Holmes*,
  185 Wn. App. 730 (Wash. Ct. App. 2014) .......................................6, 8

*Stafford v. Sunset Mortg., Inc.*,
  2013 WL 1855743 (W.D. Wash. April 29, 2013) ..............................16

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*State v. Black*,
  100 Wn. 2d 793 (1984) ...........................................................................14

*Vernon v. Qwest Commc'ns Int'l., Inc.*,
  643 F. Supp. 2d 1256 (W.D. Wash. 2009)................................................5

**STATUTES**

RCW 19.86.090 ...........................................................................................14

RCW 19.86.920 ...........................................................................................13

**OTHER**

Conor Bond, *Why You Need the Amazon Buy Box—And How to Get It* (Oct. 3, 2018),
  https://web.archive.org/web/20181004061136/https://www.wordstream.com/blog/ws/
  2018/10/03/amazon-buy-box ......................................................................8

H. Subcomm. on Antitrust, Com., and Admin. Law of the Comm. on the Judiciary, 116th
  Cong., *Amazon Responses to Questions for the Record Following the July 16, 2019
  Hearing Entitled "Online Platforms and Market Power, Part 2: Innovation and
  Entrepreneurship"* 2 (Oct. 11, 2019),
  https://www.congress.gov/116/meeting/house/109793/documents/HHRG-116-JU05-
  20190716-SD038.pdf....................................................................................9

Leanna Zeibak, 7 Steps to Winning the Amazon Buy Box in 2019 (Aug. 14, 2018),
  https://web.archive.org/web/20191126021406/https://tinuiti.com/blog/amazon/win-
  amazon-buy-box/ (last visited Apr. 9, 2024) .......................................7, 8

*Providing Customers Low Prices Every Day*, AMAZON (Nov. 30, 2023)
  https://www.aboutamazon.com/news/retail/amazon-pricing...................11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# I.      INTRODUCTION

This action challenges the way that Amazon makes products available for customers to purchase in the Amazon.com store.  When multiple sellers offer the same product, Amazon selects one offer to feature to its customers based on the product's price, seller rating, delivery time, customer service, and eligibility for fast free shipping through Amazon Prime, among other factors.  Offers that are not selected as the featured offer remain available for purchase and are located below the featured offer on the same webpage.

The Complaint challenges this practice as "unfair" or "deceptive," alleging that "hundreds of millions of U.S. consumers," Compl. ¶ 1, all make the same unfounded assumption:  that Amazon's selection of a product offering to feature to its customers is based solely on the "lowest-price offer for that item," *id.* ¶ 49, without considering any other desirable non-price attributes.  And according to Plaintiffs, Amazon sometimes features offers that are not the lowest-price offer.  But this theory hinges on the premise that Amazon customers "expect" something Amazon never promises while ignoring truthful, accurate information about prices and product attributes in the Amazon.com store.  Plaintiffs' claim fails because they do not allege that Amazon represented to its customers that its selection of a featured offer ignores everything but price, and in fact, Plaintiffs' own allegations confirm that at least some consumers want Amazon to consider non-price attributes in deciding which offers to feature in its store.

These allegations fail to state a Washington Consumer Protection Act ("CPA") claim for at least three interrelated reasons.  First, Plaintiffs fail to allege any actionable unfair or deceptive practice.  There is nothing unfair or deceptive about a retailer deciding which product offerings it believes will be most appealing to its customers, and then letting customers accept or decline those offers based on their own evaluation.  Second, Plaintiffs fail to allege cognizable injury because they do not identify a single instance where they paid more for a featured offer than other prices available in the Amazon.com store.  Third, Plaintiffs fail to allege proximate causation because, even if Plaintiffs had paid a higher price for a featured item, Amazon did nothing to prevent them from choosing lower priced offers (if any existed).

AMAZON'S MOTION TO DISMISS
(2:24-cv-00169-MJP) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

The Complaint is also untimely under the CPA's four-year statute of limitations.  Plaintiffs allege that they have each been shopping in the Amazon.com store for more than ten years, and that the practices they challenge as unfair or deceptive have been part of Amazon's standard practices since at least 2016.  Compl. ¶¶ 8, 15-16, 50.  To justify their stale claims, Plaintiffs assert that public articles discussing the alleged practices from more than four years ago "were not of the nature and kind that would have spurred reasonable consumers to recognize that their rights had been infringed."  *Id.* ¶ 67.  But the Court may take judicial notice of its own docket to see that, several years ago, Plaintiffs' counsel cited some of those exact articles (published in 2018) in bringing consumer class action antitrust claims against Amazon.  Because the same information was reasonably knowable to these Plaintiffs, their claims filed five or six years after publication are untimely.

## II.      BACKGROUND

### A.      Shopping in the Amazon.com Store

Plaintiffs' Complaint describes the in-depth information Amazon presents to customers to facilitate their purchasing decisions.  "There are more than a billion different products available for sale on Amazon."  Compl. ¶ 37.  Customers use descriptive word searches to find products they are interested in purchasing; for example, the Complaint displays an image of the results from a search for "hand sanitizer."  *Id.*  The search results page displays products that Amazon identifies as responsive to the search terms, together with the product's "name, picture, price, star rating, shipping speed estimate, and Prime status (or lack thereof) for each item."  *Id.*  A column on the left side of the page contains further options for shoppers to narrow or refine their search to more specifically identify what they are looking for, i.e., by limiting their search to products with a minimum customer rating (e.g., "four stars & up"), products priced within certain tiers, products from a specified brand, environmentally sustainable products, and other attributes.  *Id.*

Once a customer identifies a particular product, they can click on it to call up the product's "Detail Page."  The Detail Page contains "a detailed product description, additional pictures, product dimensions or specifications, and customer-generated ratings and reviews."  Compl. ¶ 38.

AMAZON'S MOTION TO DISMISS
(2:24-cv-00169-MJP) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Further, as shown in the accompanying image, the Detail Page contains information on the inventory status of that product (i.e., the hand soap shown in the Complaint is listed as "In Stock"); an option to "subscribe & save"; the time remaining to purchase the product and have it be delivered by a particular date; and other information. *Id.* ¶ 40.  The Detail Page also invites customers to "Roll over image to zoom in," *id.*, allowing customers to magnify an image of the product to take a closer look at it.

If a customer wishes to purchase a product on the terms disclosed on the Detail Page, they can do so through the "Featured Offer" located in the upper right corner of the page where they can click buttons to "Buy Now" or "Add to Cart."  Compl. ¶¶ 4, 39, 40.  (Plaintiffs refer to this as the offer "in the 'Buy Box' of a given product page." *Id.* ¶ 4.)  If a customer does not wish to purchase the Featured Offer, their options include opening a page that allows them to examine the offers made by "Other Sellers on Amazon," *id.* ¶ 5, navigating back to the search results page to view other offers, refining their search, beginning a new search in the Amazon.com store, beginning a new search in another online store, or traveling to a brick-and-mortar store and shopping there.

The Detail Page also displays "Other Sellers on Amazon" who sell the same product, along with the product and shipping prices offered by those sellers.  Compl. ¶ 40 (highlighting in orange the "Other Sellers" box).  For example, on the Meyer's hand soap example in the Complaint, Amazon advises customers that the price of the Featured Offer is $11.37 for a package of three 12.5-ounce bottles, and that "Other Sellers on Amazon" offer the equivalent set of products starting at $14.05.  *Id.*  The Detail Page displays the total number of available offers, as well as the lowest product price among those offers and the associated shipping price.  *See id.* (failing to highlight the "New from" box located between the orange "Buy Box" and "Other Sellers" boxes).

The Complaint alleges that "[m]ore than 160 million Americans" are members of Amazon's subscription program, Amazon Prime, that provides them "access to unlimited shipping on eligible items, at no per-order cost to shoppers."  *Id.* ¶¶ 32, 34.  Amazon identifies products

AMAZON'S MOTION TO DISMISS
(2:24-cv-00169-MJP) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

eligible for Prime shipping with a "Prime Badge" in search results, and shoppers can also customize their search so that Amazon will only display Prime-eligible products.  *Id.* ¶ 33.

### B.     Plaintiffs' CPA Claim

Plaintiffs' claim concerns the process Amazon uses to determine which product offering to include as the Featured Offer when multiple sellers offer the same product.  They allege that Amazon applies "seven filters" and "five additional factors to evaluate which of the responsive offers should win the Buy Box," Compl. ¶ 51, but they identify only two of those factors directly, *id.* ¶¶ 52-53.  Specifically, Plaintiffs allege that Amazon considers whether an offer is eligible to be sold with the no additional cost shipping benefit of Prime, *id.* ¶ 52, and each seller's "performance rating," *id.* ¶ 53.  Although not mentioned by Plaintiffs, the Italian language source material they cite in the Complaint shows that Amazon also considers the price differences among competing offers.[1]

The Complaint contains inconsistent allegations about consumer preferences.  Initially, the Complaint alleges that, "when selecting among multiple offers for the same item, consumers will usually choose the lowest-priced offer *among those with the desired terms*, e.g., delivery time." Compl. ¶ 45 (emphasis added).  However, it later alleges that "Amazon customers reasonably believe that the Buy Box … features the lowest-price offer for that item," regardless of other considerations.  *Id.* ¶ 49; *see also id.* ¶ 85 (same).  Thus, the Complaint contends that "offers routinely 'win' the Buy Box, even though they are more expensive than other offers in the Marketplace for the same product," *id.* ¶ 54, and customers unwittingly purchase those offers because they are Featured Offers, *id.* ¶¶ 55-58.  Plaintiffs do not identify any specific product(s) that they (or anyone else) purchased from the Amazon.com store because they were Featured Offers, even though they were more expensive than another offer.  In the one example included in the Complaint, the hand soap Featured Offer price ($11.37) is less expensive than the lowest priced

---

[1] *See* AGCM Decision (first cited in Compl. ¶ 8 n.4), ¶ 259, Table 13 (listing "Multioffer Price Dispersion" as one of Amazon's filters).  "On a motion to dismiss, [the Court] may consider materials incorporated into the complaint[.]" *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

offer from other sellers ($14.05), and both of those prices are visible on the same Detail Page.  *Id.* ¶ 40.

Plaintiffs allege that they have been "long-term Amazon customer[s]" for at least the past ten years.  Compl. ¶¶ 15-16.  They further allege that Amazon has engaged in the practices they are challenging since "at least 2016."  *Id.* ¶¶ 8, 50; *see also id.* ¶ 70 (defining putative class as persons who made purchases "on or after January 1, 2016").

### III.   LEGAL STANDARD

To survive Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Where the plaintiffs fail to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed."  *Twombly*, 550 U.S. at 570.  A claim is facially plausible only if the plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

Because the gravamen of the Complaint relies on consumers' alleged inherent "beliefs," *see* Compl. ¶¶ 6, 49, 85, and does not allege that Amazon fraudulently misrepresented any information, this motion does not rely on the heightened pleading requirements of Rule 9(b).  If Plaintiffs argue in response that their allegations do establish either fraud or willful deception, however, then their claims should be subjected to the heightened scrutiny of Rule 9(b).  *See Vernon v. Qwest Commc'ns Int'l., Inc.*, 643 F. Supp. 2d 1256, 1265 (W.D. Wash. 2009) (Rule 9(b) applies to CPA claims containing "allegations of either an intent to deceive or an overarching fraudulent scheme."); *Bund v. Safeguard Properties LLC*, 2018 WL 3917930, at *4 (W.D. Wash. Aug. 16, 2018) (Pechman, J.) (Rule 9(b) inapplicable where "the acts which form the basis of [plaintiffs'] complaint do not constitute 'fraudulent misrepresentations' in the sense that Defendant is not alleged to have intentionally attempted to mislead Plaintiffs through direct misrepresentation.").

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## IV.    ARGUMENT

The Court should dismiss the Complaint because it is untimely and fails to allege an actionable CPA claim.

### A.    Plaintiffs' Damages Claim Is Untimely.

Plaintiffs' claim for damages under the CPA is untimely and should be dismissed.  That claim is subject to a four-year statute of limitations.  *Dees v. Allstate Ins. Co.*, 933 F. Supp. 2d 1299, 1309 (W.D. Wash. 2013) (citing RCW 19.86.120).  "The general rule is that '[a] cause of action accrues and the statute of limitations begins to run when a party has the right to apply to a court for relief.'"  *Shepard v. Holmes*, 185 Wn. App. 730, 739 (Wash. Ct. App. 2014) (alteration in original) (quoting *O'Neil v. Estate of Murtha*, 89 Wash. App. 67, 69-70 (1997)).  "A party has the right to apply to a court for relief 'when the plaintiff can establish each element of the action.'"  *Id.* (quoting *Hudson v. Condon*, 101 Wash. App. 866, 874 (2000)).

Plaintiffs allege that the practice they target—Amazon's purportedly "rigged" selection of the Featured Offer—has been in place "[s]ince at least 2016."  Compl. ¶¶ 8, 50.  And Plaintiffs admit they have been shopping in the Amazon.com store since at least that time.  *Id.* ¶¶ 15, 16.  To excuse their 2024 challenge to 2016 conduct, Plaintiffs invoke the "discovery rule," alleging they could not have known until recently "how the Buy Box algorithm works and which factors it uses to score competing offers."  *Id.* ¶ 59.  But the discovery rule will only toll the statute of limitations until such time that "the plaintiff, through the exercise of due diligence, knew or *should have known the basis for the cause of action*."  *Shepard*, 185 Wash. App. at 739 (emphasis added) (quoting *Green v. Am. Pharm. Co.*, 86 Wash. App. 63, 66 (Wash Ct. App. 1997)).  Knowledge of the basis for a claim will be imputed to plaintiffs when, "by the exercise of due diligence, [they] could have discovered it."  *Id.* at 739-40.

Plaintiffs concede that more than four years before the Complaint was filed, there were "reports in the press" concerning Amazon's processes for selecting "Featured Offers."  Compl. ¶ 67.  In order to evaluate the timeliness of Plaintiffs' claims, the Court can take "judicial notice of web pages available through the [Internet Archive's] WayBack Machine" for the limited

AMAZON'S MOTION TO DISMISS
(2:24-cv-00169-MJP) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

purpose of seeing those reports and identifying what a diligent plaintiff should have known more than four years ago.  *See Pohl v. MH Sub I, LLC*, 332 F.R.D. 713, 716 (N.D. Fla. 2019) (collecting cases).  Likewise, the Court may consider substantially identical information contained in the Court's own files.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (The Court "may take judicial notice of court filings" in order "[t]o determine what issues were actually litigated in" other cases.).

The basic contours of Plaintiffs' allegations about the functionality of Amazon's Featured Offer have been public since at least 2018.  By that time, various outlets had begun publishing articles claiming to disclose the criteria Amazon used to determine which products would be placed in the "Buy Box."  For instance, an August 2018 article by Leanna Zeibak entitled "7 Steps to Winning the Amazon Buy Box in 2019," stated:

> Usually, Amazon determines the winner [of the Buy Box] by weighing price, fulfillment, seller rating and more.  However, it's not a perfect science.  Because factors that determine buy box statuses are always in flux, the winner of the buy box may change from time to time.[2]

That information alone conveys to an ordinary reader that Amazon decides which offer to place in the "Buy Box" by considering more than price alone.  That is the essential fact underlying Plaintiffs' CPA claim because they say those practices contradict what consumers "reasonably believe" the offer in the "Buy Box" represents.  Compl. ¶¶ 49-53.  Likewise, the same article states that sellers who "use FBA, however, … will be approved for the buy box much faster."  *See* Zeibak, *supra* n.2.  That, too, conveys to any ordinary reader in 2018 one of the Complaint's central allegations of supposed deception.  Compl. ¶¶ 55-56.

---

[2] Leanna Zeibak, *7 Steps to Winning the Amazon Buy Box in 2019* (Aug. 14, 2018) ("Zeibak"), https://web.archive.org/web/20191126021406/https://tinuiti.com/blog/amazon/win-amazon-buy-box/ (last visited Apr. 9, 2024).

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Another article from October 2018 stated that "Amazon doesn't necessarily afford buy box privileges to the seller offering the lowest price."[3]  That article recommended that sellers also use FBA, minimize their shipping time, and give "customers the best experience possible."  *Id.*  Those statements similarly mirror the allegations in Plaintiffs' Complaint that Amazon considers factors other than price, including the use of FBA, to determine which offer to feature.  Compl. ¶¶ 49-53, 55-56.

Plaintiffs dismiss public information from prior to 2020 as "isolated reports" that "were not of the nature and kind that would have spurred reasonable consumers to recognize that their rights had been infringed."  Compl. ¶ 67.  But in March 2020, Plaintiffs' own counsel cited the same articles quoted above as the basis for consumer claims in this Court.  *See* Complaint, *Frame-Wilson v. Amazon.com, Inc.*, No. 2:20-cv-00424-JHC (W.D. Wash.), ECF No. 1, ¶ 40 nn.58 & 63 (citing Zeibak); *id.* ¶ 50 n.90 (citing Bond); *id.* ¶ 52 nn.92-95 (citing Zeibak).  Relying on the 2018 articles, those *consumer* plaintiffs alleged that "[e]ligibility [for the 'Buy Box'] *depends on a number of factors*, including the seller's reputation, price, efficiency, and whether the seller is selling its product for a lower price through competing retail e-commerce channels."  *Id.* ¶ 52 (citing Zeibak); *see also id.* ¶ 40 ("Accepting FBA services also greatly increases the likelihood that the seller's product will be selected for the coveted Amazon Buy Box.").  The similarity of the allegations in that case to this one, extends even to the use of an identical image of hand soap that Plaintiffs use to illustrate the "Detail Page" of a product.  *Compare id.* ¶ 51 n.91 (identifying the image as one that was "retrieved March 9, 2020"), *with* Compl. ¶ 40 (reproducing the image identically).  Amazon also publicly confirmed more than four years before the Complaint was filed that it considers "fulfillment speed, delivery speed, Prime eligibility, and seller performance" when

---

[3] Conor Bond, *Why You Need the Amazon Buy Box—And How to Get It* (Oct. 3, 2018) ("Bond"), https://web.archive.org/web/20181004061136/https://www.wordstream.com/blog/ws/2018/10/03/amazon-buy-box (last visited Apr. 9, 2024).

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

selecting the Featured Offer, and the submission containing that disclosure has likewise been previously cited by other consumer plaintiffs represented by the same counsel.[4]

As a result, Plaintiffs, "by the exercise of due diligence, could have discovered" the basis for their claims more than four years before their Complaint was filed in February 2024—just like the consumers who brought the *Frame-Wilson* complaint. *Shepard*, 185 Wn. App. at 739-740. Knowledge of this publicly available information is imputed to Plaintiffs, and their claim for damages is untimely and must be dismissed. *Id.*; *see also Pattison v. Omnitrition Int'l, Inc.*, 2018 WL 2984820, at *3-5 & n.5 (W.D. Wash. June 14, 2018) (concluding plaintiff had "right to apply to the court for relief at the time of her first purchase" of allegedly deceptively marketed weight-loss product and "later sales cannot revive an otherwise untimely claim"); *Dees*, 933 F. Supp. 2d at 1309 n.9 ("[A]pplying the continuing tort doctrine or equitable tolling ... would defeat the purpose of the CPA's four-year statute of limitations[.]"); *Greene v. Young*, 2008 WL 2779015, at *15-16 (Wash. Ct. App. July 14, 2008) (unpublished) (declining to extend continuing violation doctrine to CPA claims).

### B. Plaintiffs Fail to State a Viable CPA Claim.

"To prevail on a CPA action, the plaintiff must prove an '(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation.'" *Klem v. Wash. Mut. Bank*, 176 Wn. 2d 771, 782 (2013) (quoting *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn. 2d 778, 780 (1986)). Failure to satisfy any one of these elements is "fatal" to a CPA claim. *Hangman Ridge*, 105 Wn. 2d at 793. Plaintiffs fail to allege facts to plausibly show that Amazon's use of the Featured Offer is unfair or deceptive, that they suffered any cognizable injury, or that their

---

[4] H. Subcomm. on Antitrust, Com., and Admin. Law of the Comm. on the Judiciary, 116th Cong., *Amazon Responses to Questions for the Record Following the July 16, 2019 Hearing Entitled "Online Platforms and Market Power, Part 2: Innovation and Entrepreneurship"* 2 (Oct. 11, 2019), https://www.congress.gov/116/meeting/house/109793/documents/HHRG-116-JU05-20190716-SD038.pdf. Plaintiffs' counsel relied on other portions of the same submission in support of two other consumer claims they filed in this Court. *See Floyd v. Amazon.com, Inc.*, No. 2:22-cv-01599-KKE (W.D. Wash.), ECF No. 1, ¶¶ 13 n.11, 46 n.40, 50 n.45; *Greenberg v. Amazon.com, Inc.*, No. 2:21-cv-00898-RSL (W.D. Wash.), ECF No. 1, ¶ 70 nn.156-157.

AMAZON'S MOTION TO DISMISS
(2:24-cv-00169-MJP) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

alleged harm was caused by the challenged business practice.  Each of these deficiencies requires dismissal of the Complaint.

> ### 1.     The Challenged Business Practice Is Neither "Deceptive" Nor "Unfair."

To fall within the gamut of "deceptive" acts or practices prohibited under the CPA, a challenged practice must have "the capacity to deceive a substantial portion of the public."  *Id.* at 785 (emphasis omitted).  The inquiry is an "objective" one; courts look at the "'reasonable' or 'ordinary' consumer."  *Behnke v. Ahrens*, 172 Wn. App. 281, 293 (Wash. Ct. App. 2012) (quoting *Panag v. Farmers Ins. Co.*, 166 Wn. 2d 27, 50 (2009)).

The allegations in the Complaint fail to identify any practice that would deceive a reasonable consumer.  The crux of Plaintiffs' CPA claim is that "Amazon customers reasonably believe that the Buy Box … features the lowest-price offer for that item"; the Buy Box, in fact, does not always feature the lowest available price; and additional offers available from other sellers are not "very conspicuous."  Compl. ¶¶ 5, 49-50.  This premise fails for at least four reasons.

<u>First</u>, Plaintiffs fail to identify *any* statement from Amazon that could create in customers the reasonable belief that the Featured Offer always features the lowest available price.  They point instead to Amazon's general statements that it is "customer-centric" and "works hard to keep prices low."  *E.g.*, Compl. ¶¶ 45-48.  But these statements do not refer to the Featured Offer at all, much less represent to customers that Amazon ignores all non-price attributes of a product listing.  Such "general, subjective, [and] vague statements about" Amazon's mission and pricing philosophy—which are untethered to the Featured Offer—amount to "'mere puffery' that cannot give rise to … an unfair or deceptive act."  *Babb v. Regal Marine Indus., Inc.*, 2014 WL 690154, at *3 (Wash. Ct. App. Feb. 20, 2014) (unpublished), *remanded on other grounds*, 180 Wn. 2d 1021 (Wash. 2014) (mem.).

<u>Second</u>, the details Amazon discloses to customers about the Featured Offer renders Plaintiffs' purported expectation of the lowest possible price *unreasonable*.  *See* Compl. ¶ 45 n.25.  Specifically, Amazon makes clear that the Featured Offer considers more than price:

AMAZON'S MOTION TO DISMISS
(2:24-cv-00169-MJP) - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

> [W]e evaluate all competing Amazon retail and third-party seller offers and highlight the best offer for a product with a "Buy Now" button.  We highlight the offer we think customers would choose if they compared all offers in detail, and we strive to only highlight offers when they're priced well.  We do not display the "Buy Now" button when we learn that another competitor's store offers that product for less, but it remains available for purchase in case customers still want to buy it in our store.[5]

Implicit in this statement are the facts that multiple offers—from both Amazon retail and third-party sellers—are available for many products, that Amazon makes a prediction as to which offer it thinks customers will prefer, that its prediction is based on multiple criteria, and that the Featured Offer is not always the lowest priced offer.  Amazon did not "hid[e] the ball in any way or neglect[] to disclose" relevant information regarding its Featured Offer.  *HB Dev., LLC v. W. Pac. Mut. Ins.*, 86 F. Supp. 3d 1164, 1187 (E.D. Wash. 2015).  Quite the contrary, Amazon posted details directly refuting Plaintiffs' allegations "on a public website, [where] they were easily discoverable had Plaintiffs chosen to look for them."  *Cole v. Keystone RV Co.*, 2021 WL 3111452, at *4 (W.D. Wash. July 22, 2021), *aff'd on other grounds*, 2022 WL 4234958 (9th Cir. Sept. 14, 2022) (unpublished); *see Gray v. Amazon.com, Inc.*, 653 F. Supp. 3d 847, 858 (W.D. Wash. 2023) (finding no deception where "the applicable policies d[id] not conceal Amazon's" business practice "but instead contemplate[d] that very practice"), *appeal docketed*, No. 23-35377.  Under these facts, no *reasonable* consumer could have been deceived.

<u>Third</u>, Plaintiffs' assumption is implausible given their concession that customers consider non-price attributes when making purchases in the Amazon.com store.  *See* Compl. ¶ 45 (acknowledging customers consider "delivery time" and select between offers "with the desired terms").  Similarly, the Complaint alleges that "[m]ore than 160 million Americans are Amazon Prime members," *id.* ¶ 34, and it is speculative and unreasonable to suggest that all of those subscribers are wholly indifferent to whether an offer is eligible for free and fast Prime delivery.  These concededly relevant non-price attributes, such as delivery time, seller rating, inventory

---

[5] *Amazon's Approach to Providing Customers Low Prices Every Day*, AMAZON (Nov. 30, 2023) https://www.aboutamazon.com/news/retail/amazon-pricing.  Plaintiffs cite this article in footnotes 25-29 of their Complaint but notably fail to disclose this passage.

AMAZON'S MOTION TO DISMISS
(2:24-cv-00169-MJP) - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

status, Prime eligibility, and detailed product specifications, are disclosed on the Detail Page.  And Plaintiffs do not allege that any of that readily available information is inaccurate or misleading. Where "there is no genuine issue of fact over whether the … compan[y] disclosed" relevant information and "no discrepancy between the quot[ed]" and actual terms of sale, there is no unfair or deceptive conduct to sustain a CPA claim.  *Robinson v. Avis Rent A Car Sys., Inc.*, 106 Wn. App. 104, 117, 119 (Wash. Ct. App. 2001).

<u>Fourth</u>, even without those myriad problems, Plaintiffs' claim also fails on the facts alleged.  Plaintiffs do not claim that other offers are entirely unavailable to consumers; rather, they complain that those offers are not "very conspicuous." Compl. ¶ 5.  But when examining whether Amazon's Featured Offers have the capacity to deceive reasonable consumers, those offers are not viewed in isolation; rather, the entire Detail Page provides relevant and important context.  *Keithly v. Intelius Inc.*, 764 F. Supp. 2d 1257, 1266 (W.D. Wash. 2011) ("[T]he test under … the CPA is whether the net impression created by a solicitation, viewed as a whole rather than as individual parts, is deceptive."), *modified on other grounds*, 2011 WL 2790471 (W.D. Wash. May 17, 2011).

A reasonable Amazon shopper looking at a Detail Page would see the Featured Offer and two additional boxes: one box containing the total number of other offers and another box with information on "Other Sellers"—including *the price* at which those sellers' products are offered. *See* Compl. ¶ 40 (outlining in orange the "'Buy Box' Winner" and "Other Sellers" boxes but failing to point out the box above "Other Sellers" that advertises the total number of other available offers and provides information on product and shipping price).  Both of those boxes provide information on additional, non-featured offers, including price and shipping information.  *See id.*  Further, in Plaintiffs' only example, the lowest price of the "Other," or non-featured, offers is *higher* than the Featured Offer.  *See id.* ($14.05 vs. $11.37, respectively).  Any lower-priced, non-featured offer in which Plaintiffs may be interested would be displayed on the Detail Page.  If Plaintiffs, or any other Amazon shoppers, want information on those other available offers, they need only look.

Having failed to plausibly allege that reasonable consumers are "deceived" by the Featured Offer, Plaintiffs rely on their characterization of the same practice as "unfair" to save their CPA

AMAZON'S MOTION TO DISMISS
(2:24-cv-00169-MJP) - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

claim.  To define the contours of "unfair" acts or practices under the CPA, Washington courts look to federal law.  *Klem*, 176 Wn. 2d at 787.  Under federal law, a "practice is unfair [if it] causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits."  *Id.* (alteration in original) (quoting 15 U.S.C. § 45(n)).

Plaintiffs' unfairness claim fails on all fronts.  Plaintiffs do not allege any real injury, much less one that is "substantial."  They do not claim that the Featured Offers they purchased failed to meet the specifications provided on the Detail Page or that they were charged a different price from the one presented to them and that they agreed to pay.  Further, Plaintiffs' own characterizations demonstrate that Amazon customers remain free, at any time, to choose another offer, and thus, can reasonably avoid the alleged harm.  *See Gray*, 653 F. Supp. 3d at 859 ("In light of Amazon's disclosures, consumers would have 'reason to anticipate' their injury and 'the means to avoid it'—i.e., by reviewing the ... [t]erms and declining to purchase ....");  *cf. Contreras v. Heritage Univ.*, 669 F. Supp. 3d 1061, 1071 (W.D. Wash. 2023), *appeal docketed*, No. 23-35340 (CPA claim failed where plaintiffs had knowledge of the terms they were offered and there was "no evidence Plaintiffs were coerced or pressured into accepting the terms.").  By their own concession, all Plaintiffs need to do is "either click a link … or scroll down the page" to find more information about other offers they may choose to purchase.  Compl. ¶ 42.

Amazon's use of the Featured Offer is also "reasonable in relation to the development and preservation of business" and thus not actionable.  RCW 19.86.920.  The Amazon.com store, like all online stores, is constrained by technological realities:  computer, phone, and tablet screens have finite space to display information in a way that is legible.  The variations of how information can be displayed are infinite.  Under Plaintiffs' theory, an alternative website design that displayed all offers side-by-side in smaller text to fit the information on a single screen without requiring users to scroll could also be actionable under the CPA as not sufficiently "conspicuous."  "Where conduct is motivated by legitimate business concerns, there can be no violation of" the CPA.  *Boeing Co. v. Sierracin Corp.*, 108 Wash. 2d 38, 54 (1987).

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Plaintiffs also disregard the obvious countervailing benefits of the Featured Offer.  With more than one billion products available in the Amazon.com store, Compl. ¶ 37, the Featured Offer streamlines customers' shopping experience by selecting one offer that Amazon considers to be the best across a variety of criteria, while allowing customers to access all other available offers and decide for themselves which offer is most desirable to them.  Imposing CPA liability for Amazon's reasonable exercise of discretion in how—not whether—to present relevant information would inject courts into everyday business decisions and expand the scope of the statute beyond any plausible intended reach.  *See State v. Black*, 100 Wn. 2d 793, 803 (1984) ("By expressly allowing for reasonable business practices, our Legislature recognized … that businesses need some latitude within which to conduct their trade.")

Plaintiffs, as Amazon customers, received accurate information on the offered terms of sale, agreed to those terms, and received their orders in accordance with those terms.  They could access, review, and accept other offers simply by scrolling the product listing page and clicking a link.  Plaintiffs do not dispute any of this.  To permit their claim to move forward without any "objective" basis for claiming unfairness or deception would allow "every consumer complaint [to] becom[e] a triable violation of the act," and render the CPA boundless and unworkable. *Behnke*, 172 Wn. App. at 293.  The Complaint should be dismissed.

### 2.     Plaintiffs Have Not Been Injured.

 Plaintiffs' CPA claim also fails because they fail to allege any cognizable injury from Amazon's challenged practice.  The CPA provides a cause of action only to a "person who is injured in his or her business or property."  RCW 19.86.090.  "[W]hile the injury need not be great, it must be established." *Mason v. Mortg. Am., Inc.*, 114 Wn. 2d 842, 854 (1990).  Non-economic injuries, including mere inconvenience, are not cognizable. *Panag*, 166 Wn. 2d at 57.  Plaintiffs must show some diminution to their financial or property interest. *Id.*  Here, that means Plaintiffs must allege they purchased the Featured Offer at an inflated price when the same product was available in the Amazon.com store for a lower price and with equivalent terms—e.g., delivery time, seller rating, etc.  But Plaintiffs' claimed injury, devoid of supporting facts, falls far short of

AMAZON'S MOTION TO DISMISS
(2:24-cv-00169-MJP) - 14

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

crossing "the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  Nowhere do they point to any specific purchase of a Featured Offer where a lower priced offer was available, much less a lower priced offer with equivalent terms.

Plaintiffs similarly do not allege the products they received were different from, nor worth less than, the products advertised.  *See Montes v. Sparc Grp. LLC*, 2023 WL 4140836, at *3 (E.D. Wash. June 22, 2023), *appeal docketed*, No. 23-35496 (dismissing CPA claim where "Plaintiff [did] not allege that she did not receive the value that she paid for").  Because Plaintiffs have not alleged they suffered cognizable injury, the Complaint must be dismissed.  *See Gragg v. Orange Cab Co., Inc.*, 942 F. Supp. 2d 1111, 1118-19 (W.D. Wash. 2013) (dismissing CPA claim for lack of actual injury); *Girard v. Myers*, 39 Wn. App. 577, 589 (Wash. Ct. App. 1985) (affirming dismissal of CPA claim for lack of injury).

### 3. Amazon Did Not Cause the Alleged Harm.

Finally, Plaintiffs fail to adequately plead causation, which provides another independent basis to dismiss the Complaint.  "To prove causation, the 'plaintiff must establish that, but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury.'"  *Marts v. U.S. Bank Nat'l Ass'n*, 166 F. Supp. 3d 1204, 1208 (W.D. Wash. 2016) (quoting *Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*, 162 Wn. 2d 59, 84 (2007)), *aff'd sub nom. U.S. Bank*, 714 F. App'x 775 (9th Cir. 2018).  Where there is a superseding, independent cause of harm, the CPA claim fails.  *See Schnall v. AT & T Wireless Servs., Inc.*, 171 Wn. 2d 260, 277-78 (2011).

To satisfy their burden on causation, Plaintiffs must allege that, absent the unidentified misrepresentation or deception by Amazon, they would have purchased the same product with the same terms, but at a lower price, from a non-featured offer.  They cannot.  As discussed, Plaintiffs do not point to *any* particular misrepresentation or deception by Amazon that induced their purchase decision.  Nowhere do they identify particular statements that caused them to believe the Featured Offer was the "lowest" available price.  And given their concession that there are other, non-price attributes relevant to customers' purchasing decisions, Compl. ¶ 45, they cannot

AMAZON'S MOTION TO DISMISS
(2:24-cv-00169-MJP) - 15

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

establish that they would have made a different purchasing decision even assuming a lower price, non-featured offer was available.

Even if Plaintiffs paid more for the Featured Offer than another available price, Amazon did not "cause" them to do so.  *See Marts*, 166 F. Supp. 3d at 1208.  Plaintiffs knew other offers were available in the Amazon.com store.  Compl. ¶ 5 ("Customers can opt for a different offer than the Buy Box selection ….").  Their *decision* not to investigate such offers, whether because they were not "very conspicuous" or because they didn't want to scroll or click another link, was an independent cause of their alleged harm and supersedes any action by Amazon.  *See* Compl. ¶ 5.  Because Plaintiffs have not alleged facts establishing causation as required under the CPA, the Complaint must be dismissed.  *See Stafford v. Sunset Mortg., Inc.*, 2013 WL 1855743, at *3 (W.D. Wash. April 29, 2013) (rejecting CPA claim because "even if Plaintiff could prove ... a deceptive act or unfair business practice, her CPA claim still fails because she does not allege specific facts regarding causation"); *Lewis v. Chase Home Fin. LLC*, 2011 WL 6149245, at *6-7 (W.D. Wash. Dec. 12, 2011) (dismissing CPA claim where plaintiff failed to "sufficiently plead[]" causation).

## V.    CONCLUSION

For the above reasons, the Court should dismiss Plaintiffs' Complaint with prejudice, without leave to amend.

DATED this 10th day of April, 2024.

*I certify that this memorandum contains 5,876 words, in compliance with the Local Civil Rules.*

Davis Wright Tremaine LLP

By *s/John Goldmark*
John Goldmark, WSBA #40980
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: 206-622-3150
Fax: 206-757-7700
E-mail: johngoldmark@dwt.com

AMAZON'S MOTION TO DISMISS
(2:24-cv-00169-MJP) - 16

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Williams & Connolly LLP

John E. Schmidtlein (*Pro Hac Vice Forthcoming*)
Kevin M. Hodges (*Pro Hac Vice Pending*)
Carl R. Metz (*Pro Hac Vice Pending*)
Jenny N. Wheeler (*Pro Hac Vice Pending*)
680 Maine Avenue SW
Washington, D.C.  20024
Telephone: 202-434-5000
Fax: 202-434-5029
Email: jschmidtlein@wc.com
Email: khodges@wc.com
Email: cmetz@wc.com
Email: jwheeler@wc.com

*Attorneys for Defendant Amazon.com, Inc.*

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax