The Honorable Marsha J. Pechman

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| JEFFREY TAYLOR and ROBERT SELWAY, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>    v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>                Defendant. | Case No. 2:24-cv-00169<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN** |

# TABLE OF CONTENTS

Page

1. Statement of the nature and complexity of the case ........................................... 1
   a. Plaintiffs' statement ................................................................. 1
   b. Defendant's statement .............................................................. 3
2. Proposed deadline for joining additional parties ............................................ 4
3. Consent to a Magistrate ........................................................................ 4
4. Discovery plan .................................................................................. 4
      (1) Plaintiffs' proposal ............................................................ 4
      (2) Defendant's proposal .......................................................... 8
   a. Exchange of initial disclosures .................................................. 11
   b. Subjects, timing, and potential phasing of discovery ........................... 11
      (1) Plaintiffs: .................................................................... 11
      (2) Defendant: .................................................................... 12
   c. Electronically stored information ................................................ 12
   d. Privilege issues .................................................................. 12
   e. Proposed limitations on discovery ................................................ 13
   f. Need for any discovery-related orders ............................................ 13
5. Items set forth in Rule 26(f)(3) of the Federal Rules of Civil
   Procedure ...................................................................................... 13
   a. Prompt case resolution ........................................................... 13
   b. Alternative dispute resolution ("ADR") ........................................... 13
   c. Related cases .................................................................... 13
   d. Discovery management ............................................................. 13
   e. Anticipated discovery sought ..................................................... 14
   f. Phasing motions .................................................................. 14
   g. Preservation of discoverable information ......................................... 14
      (1) Plaintiffs: .................................................................... 14

(2)    Defendant:..................................................................14

h.    Privilege issues..................................................................14

i.    Model Protocol for Discovery of ESI ..................................14

j.    Alternatives to Model Protocol ..........................................14

6.    Discovery deadline..........................................................................14

7.    Bifurcation ......................................................................................14

8.    Whether the pretrial statements and pretrial order can be dispensed with for the sake of economy ..........................................................14

9.    Other suggestions for shortening or simplifying the case..................15

10.    The date the case will be ready for trial .........................................15

11.    Trial Type.........................................................................................15

a.    Plaintiffs:.............................................................................15

b.    Defendant:...........................................................................15

12.    Trial Length .....................................................................................15

a.    Plaintiffs:.............................................................................15

b.    Defendant:...........................................................................15

13.    Names, addresses, and telephone numbers of all trial counsel ........15

14.    Scheduling complications to be considered in setting a trial date ....16

15.    Deadline to serve parties who have not been served ........................16

16.    Pretrial FRCP 16 conference ............................................................16

17.    Deadline for corporate disclosure statement....................................16

Counsel for Plaintiffs and Defendant Amazon.com, Inc. ("Amazon") (collectively the "Parties"), held a conference as required by LCR 26(f) on May 8, 2024. This Joint Status Report and Discovery Plan is the outcome of that conference and the Parties' subsequent discussions.

1. **Statement of the nature and complexity of the case**

    a. **Plaintiffs' statement**

Plaintiffs are Defendant Amazon's customers on its online marketplace; they bring Washington Consumer Protection Act ("CPA") claims against Amazon to recover overcharges Amazon caused them to incur on its site. Amazon is the largest online retailer in the United States and operates Amazon Marketplace, an electronic site where third-party merchants list their retail goods alongside, and in competition with, Amazon's own retail listings. When more than one seller on Amazon's marketplace offers the same item for sale, Amazon uses its Featured Merchant Algorithm ("FMA"), an algorithm it designed to select one seller's offer to be the Featured Offer of a given product page. The Featured Offer appears in the "Buy Box," the central feature of the product page, which contains the "Buy Now" and "Add to Cart" buttons that allow consumers to purchase the item immediately without the necessity of reviewing all the available offers. Consumers select the Buy Box winner nearly 98% of the time.

According to Amazon, its Buy Box selection represents the offer that consumers would select if they reviewed all the available offers. But that is often not the case. Instead, Amazon designed the FMA with a bias, so that, in selecting the Featured Offer, Amazon favors its own retail offers and those of third-party sellers who participate in Fulfillment By Amazon (FBA, Amazon's logistics service, for which it charges third-party sellers hefty fees to store their inventory, pack their products, ship orders, handle returns, and communicate with customers). Because of this bias, the FMA will often select an Amazon first-party retail or FBA offer over an offer from a non-FBA seller, even when the non-FBA offer for the same product and delivery time is cheaper. This systemic bias is compounded by the prominent presentation and operation of the Buy Box presenting a Featured Offer without making easily accessible to consumers information about other options available for the same product.

The result is that consumers routinely overpay for items that are available at lower prices from other sellers on Amazon—not because consumers don't care about price, or because they're making informed purchasing decisions, but because Amazon misleads consumers in order to increase the profits it gets from FBA. Plaintiffs do not have the transaction or offer data they need to know precisely which purchases they were overcharged on; that information is in Amazon's possession. But Plaintiffs allege that they are long-term Amazon customers who have made many purchases from the Buy Box, that Amazon has employed a biased Buy Box algorithm since at least 2016, and that customers are routinely overcharged as a result.

Amazon's misconduct led the Italian Competition Authority to impose a €1.1 billion fine in 2021 on Amazon companies in Italy for "abusing its dominant position" in the market, including by favoring FBA offers in the Buy Box. The precise nature of the Buy Box algorithm has always been a closely guarded secret, and the Italian Competition Authority's announcement of this fine was the first time it had been widely reported that the Buy Box algorithm was biased in favor of FBA offers. The European Commission and the UK Competition and Market Authority subsequently investigated and confirmed that "Amazon sets and applies the conditions and criteria for selecting the 'Featured Offer' on product pages in a discriminatory manner, such that Amazon Retail and sellers that use [FBA] are unfairly advantaged over other sellers." In response to these investigations, Amazon offered to change its practices and allow oversight by regulators in Europe and the UK. But there has been no corresponding action in the United States, where it has been left to Plaintiffs to address this injustice.

"'Buyer beware' is not the law in the state of Washington." *Young v. Toyota Motor Sales, U.S.A.*, 472 P.3d 990, 992 (Wash. 2020). For purposes of the CPA, a communication "may be deceptive by virtue of the net impression it conveys, even though it contains truthful information." *Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 895 (Wash. 2009) (plaintiffs stated a valid CPA claim against the defendant insurance companies which sent liability notices designed to resemble debt collection notices even though the insurers' notices accurately stated that the demand related to an unadjudicated subrogation claim as opposed to actual debts in collection). Plaintiffs allege Amazon's Detail Page is designed to obscure the information about

other offers and promote the Buy Box winner and through this means create the "deceptive net impression" that the Buy Box winner is the best offer for a given product on Amazon's marketplace, whereas Amazon designed its algorithm to direct consumers toward higher-priced FBA offers, even when the same products are available from non-FBA sellers offering equivalent (or better) delivery times at a lower price. This impression is deceptive because Amazon's Buy Box algorithm does not apply criteria based solely on what is best for the consumer; instead, it misleads consumers and causes them to pay more, so that Amazon can cash in on its logistics services. These allegations align with similar CPA claims upheld by Washington courts. *See, e.g.*, *Dwyer v. J.I. Kislak Mortg. Co.*, 13 P.3d 240, 241 (Wash. Ct. App. 2000) (plaintiffs stated a viable CPA claim that a mortgage company's statements were "deceptively arranged" to "lead borrowers to mistakenly believe" that payment of a certain service charge was required before a mortgage would be released).

Plaintiffs are prepared to move forward with this straightforward consumer protection action, and they are seeking a schedule that allows for discovery during the pendency of Defendant's motion to dismiss, which is standard in this Circuit. *See, e.g.*, *Dorian v. Amazon Web Serv's, Inc.*, 2022 WL 3155369, at *1 (W.D. Wash. Aug. 8, 2022).

### b.      Defendant's statement

This action challenges the way that Amazon makes products available for customers to purchase in the Amazon.com store.  When multiple sellers offer the same product, Amazon typically selects one offer to feature to its customers based on the product's price, seller rating, delivery time, and customer service among other factors. Offers not selected as the "Featured Offer" remain available for customers to review on the same webpage.  Amazon aims to ensure that customers see the best and most relevant offers – regardless of seller, brand, store, fulfillment channel, or shopping format.

The Complaint challenges this practice as "unfair" or "deceptive," alleging that "hundreds of millions of U.S. consumers," Compl. ¶ 1, make the same unfounded assumption that Amazon's Featured Offer selections are based solely on the "lowest price offer for that item," *id.* ¶ 49, without considering other desirable non-price attributes.

Amazon recently filed a motion to dismiss this case, which is pending. *See* Motion to Dismiss (ECF No. 13). As the motion explains, Plaintiffs cannot establish a Washington Consumer Protection Act ("CPA") claim for at least four interrelated reasons. First, Plaintiffs fail to allege any actionable unfair or deceptive practice. There is nothing unfair or deceptive about a retailer deciding which product offerings it believes will be most appealing to its customers, and then letting customers accept or decline those offers based on their own evaluation. Second, Plaintiffs fail to allege cognizable injury because they do not identify a single instance where they paid more for a Featured Offer when another offer with equivalent terms was available in the Amazon.com store. Third, Plaintiffs fail to allege proximate causation because, even if Plaintiffs had paid a higher price for a Featured Offer, Amazon did nothing to prevent them from choosing a lower priced offer (if any existed). Finally, Plaintiffs' claim is untimely under the CPA's four-year statute of limitations. The Complaint's core allegations repeat media reports that purport to describe how Amazon selects the Featured Offer, and those reports were available to Plaintiffs years before the statutory limitations period.

## 2. Proposed deadline for joining additional parties

The Parties propose that six months after the Court has ruled on Amazon's Motion to Dismiss (ECF No. 13), joinder may occur only by consent of the parties or leave of Court.

## 3. Consent to a Magistrate

No.

## 4. Discovery plan

### (1) Plaintiffs' proposal

Discovery during the pendency of a motion to dismiss is the default rule under the Federal Rules of Civil Procedure and in this Circuit, and it is appropriate here because Amazon's motion to dismiss does not raise threshold defenses that would bar inquiry into the merits without any consideration of the facts.[1] *Dorian v. Amazon Web Servs., Inc.*, 2022 WL 3155369, at *1–2 (W.D.

---

[1] Amazon asserts a statute of limitations defense in its motion to dismiss, but it is based on contested factual issues and therefore is not the sort of threshold issue that would justify barring discovery while a motion to dismiss is pending. *See* ECF No. 20 at 5; *Dorian*, 2022 WL 3155369, at *1–2.

Wash. Aug. 8, 2022); *see also Wash. v. U.S. Dep't of Homeland Sec.*, 2020 WL 4667545, at *2 (E.D. Wash. June 4, 2020) ("Blanket stays of discovery pending resolution of a dispositive motion generally are disfavored in this Circuit.").

Amazon seeks to peg the deadlines in this straightforward CPA case to the schedule in complex antitrust actions brought by different private plaintiffs, the FTC, and California Attorney General ("CAAG"),[2] even though Amazon acknowledges that "[t]his case is narrower than the other pending cases and legally distinct, with only a single cause of action under the Washington CPA related to the criteria Amazon uses to select a Featured Offer." Neither the FTC nor the CAAG have asserted a Washington consumer protection claim based on the alleged Buy Box algorithm bias, which is the sole claim in this case. It would not be reasonable to tie discovery in this case to antitrust actions that assert different claims and require proof of different elements. Having a defendant in common is not enough; to justify coordination of discovery, the claims themselves must be similar. As courts in this District have previously observed: "These are different accusations. Amazon is huge; it may get accused of violating [the] law many times a year, in many different ways, and not all of these actions can or should be consolidated. It is not clear that judicial economy would be served by throwing everything into a single case." *De Coster v. Amazon*, No. C21-693RSM, 2022 U.S. Dist. LEXIS 9960, at *3 (W.D. Wash. Jan. 19, 2022) (declining to consolidate antitrust cases against Amazon); *Daly v. Amazon.Com, Inc.*, No. C22-910RSM, 2024 U.S. Dist. LEXIS 34501, at *8 (W.D. Wash. Feb. 28, 2024) (quoting *De Coster* and declining to consolidate CPA cases relating to Amazon different subscriptions); *In re Amazon Service Fee Litig.*, No. 2:22-cv-00743-TL, 2024 U.S. Dist. LEXIS 56788, at *7 (W.D. Wash. Mar. 28, 2024) (quoting *Daly* and declining to consolidate CPA claims involving the loss of different

---

[2] The CAAG and private plaintiff cases (*Frame-Wilson* and *De Coster*), which Amazon seeks to align the Court's scheduling order are unrelated. With respect to the FTC action, Plaintiffs filed a notice stating that "while assignment to Judge Chen may minimize some duplication of labor and expense relating to discovery into Amazon's Buy Box selection process, the legal claims and core factual allegations supporting the actions' respective causes of action have little overlap. In contrast to the 20 antitrust and unfair competition claims asserted in the *FTC Action*, Plaintiffs Taylor and Selway assert a single claim under the Washington Consumer Protection Act on grounds that Amazon's Buy Box selection process defrauds consumers by giving preference to Amazon and sellers that use Amazon's logistics service even when a lower priced option is available for the same product with equivalent delivery speed." ECF No. 5 at 1-2.

benefits under Amazon's Prime membership).

Because the cases have only minimal factual overlap and no overlapping legal claims, it is pure speculation that Plaintiffs might seek to depose Amazon witnesses whom the FTC, CAAG, or private plaintiffs in other antitrust actions might also seek to depose. If this were to happen, the parties can easily work this out, or if not, Amazon could seek a protective order. But there is no need to hold up class certification in this case until the end of discovery in other, dissimilar cases on the speculative basis that Amazon asserts. And it would contradict the Court's mandate to resolve class certification at an early practicable time. Fed. R. Civ. P. 23(c)(1)(A); *see also Blough v. Shea Homes, Inc.*, 2014 WL 1400990, at *2 (W.D. Wash. Apr. 10, 2014) (recognizing "the importance of determining class status at a relatively early stage in litigation"). Plaintiffs would be prejudiced by an exogenous delay that interferes with their rights to pursue their case and vindicate their claims expeditiously. And this Court, too, has "an interest in clearing [its] docket[] and avoiding indeterminate delays." *Private Client Fiduciary Corp. v. Pham Singh Chopra*, 2023 U.S. Dist. LEXIS 66831, at *16 (W.D. Wash. Apr. 17, 2023); *cf. Jones v. Hartford Ins. Co. of Midwest*, 243 F.R.D. 694, 695 (N.D. Fla. 2006) ("A timely motion for class certification is premised on sound practical considerations. Delay by a representative plaintiff impedes the court's consideration of the issue and may prejudice the rights of the class members").

Further, Amazon's demand for 60 days to respond to a straight-forward class certification motion on a single claim, involving a single course of conduct is clearly excessive. Compare *Street v. Amazon.com Inc*., No. 2:21-cv-00912-BJR, Dkt. Text at ECF No. 42 (W.D. Wash. Feb. 10, 2022) (30-day response time set in putative class action alleging violation of the WCPA); *Dorian v. Amazon Web Serv's Inc.*, No. 2:22-cv-00269-JHC, Dkt. No. 36 (W.D. Wash. Aug. 18, 2022) (30-day response time jointly proposed in putative class action alleging violation of Illinois Biometric Privacy Act). The five-week response time that Plaintiffs offer is clearly sufficient.

And Amazon's proposed discovery cutoff also departs from typical class actions schedules, in that it would require Plaintiffs to seek leave of Court before they would be allowed to conduct discovery to respond to arguments Amazon raises in its opposition to class certification or to address complexities identified by the Court's order on class certification. Other courts have

permitted another four months of discovery after the ruling on class certification, including a case where Amazon is the defendant, and that is what Plaintiffs propose here. *Ketayi v. Health Enrollment Grp.*, No. 20-cv-1198-RSH-KSC, 2022 WL 16838976, at *3 (S.D. Cal. Oct. 27, 2022); *see also Frame-Wilson*, No. 20-cv-00424-JHC, ECF No. 70 (W.D. Wash. Sep. 12, 2022).

Plaintiffs therefore propose the following schedule of discovery and related deadlines, keyed from a ruling on the Court's order on class certification:

| Event | Proposed Deadline or Date |
|---|---|
| Initial disclosures | May 20, 2024 |
| Class certification motion | January 20, 2025 |
| Opposition to class certification motion | February 24, 2025 |
| Reply in further support of class certification motion | March 24, 2025 |
| Hearing on motion to certify class | To be set at the Court's convenience but no earlier than March 30, 2025 |
| Completion of non-expert discovery | Within 4 months after the Court's order on class certification |
| Disclosure of merits expert reports (except those that are used to support or oppose a motion for class certification) | Within 5 months after the Court's order on class certification |
| Disclosure of merits rebuttal expert reports (except those that are used to support or oppose a motion for class certification) | Within 7 months after the Court's order on class certification, i.e., within 60 days of merits expert reports |
| Disclosure of expert responses to rebuttal reports (except those that are used to support or oppose a motion for class certification) | Within 9 months after the Court's order on class certification |
| Completion of expert discovery | Within 10 months after the Court's order on class certification |
| Dispositive and *Daubert* motion(s) | Within 12 months after the Court's order on class certification |
| Hearing on dispositive and *Daubert* motion(s) | To be set by the Court after briefing on motions completed |
| Trial | Date to be determined, but no sooner than 14 months from the Court's order on class certification |

4   **(2)   Defendant's proposal**

5          Amazon intends to move to stay discovery in this case pending resolution of its Motion to

6   Dismiss (ECF No. 13).  Plaintiffs recently served initial discovery requests which are overbroad

7   and disproportionate to the needs of the case, particularly given the multiple dispositive grounds

8   for dismissal, including because the claims are time-barred.  *See, e.g.*, *Flaxman v. Ferguson*, 2023

9   WL 8598810, at *1 (W.D. Wash. Dec. 12, 2023) ("Where discovery will not affect the 12(b)

10  decision, staying discovery ensures the defendant's motion is properly addressed and advances

11  'the goals of efficiency for the court and litigants.'") (citations omitted).  To the extent the Court

12  wishes to set a schedule while it considers Amazon's pending motion to dismiss and forthcoming

13  stay motion, the schedule should align with cases involving overlapping factual allegations to

14  avoid undue burden and duplication of efforts.

15         Specifically, Amazon proposes that discovery should be appropriately coordinated with

16  two private plaintiff class action cases brought by Plaintiffs' attorneys and currently proceeding

17  before Judge Chun, *see De Coster v. Amazon.com, Inc.*, No. 21-cv-00693-JHC (W.D. Wash.),

18  *Frame-Wilson v. Amazon.com, Inc.*, 20-cv-00424-JHC (W.D. Wash.), as well as two government

19  cases, *FTC v. Amazon.com, Inc.*, 23-cv-01495-JDC (W.D. Wash.) and *California v. Amazon.com,*

20  *Inc.*, No. CGC-22-601826 (Cal. Super. Ct.).   Due to the efficiencies to be gained from

21  coordination, Amazon has recently moved for a coordination order in the private plaintiff cases.

22  *See* Motion for Coordinated Discovery Schedule, ECF No. 139, *De Coster v. Amazon.com, Inc.*,

23  No. 21-cv-00693-JHC (W.D. Wash.).   As explained in that motion, fact discovery in the

24  government cases has already been coordinated, with a fact discovery deadline ending in August

25  8, 2025.  *Id.* at 9.  Amazon has moved for an identical deadline in the private plaintiff cases.[3]

26         This case is narrower than the other pending cases and legally distinct, with only a single

27  cause of action under the Washington CPA related to the criteria Amazon uses to select a Featured

28  Offer.  However, discovery in this case regarding the how Amazon selects a Featured Offer may

---

1

2   [3] Amazon has also moved to dismiss the *De Coster* and *FTC* Cases.  *See* Motion to Dismiss, ECF No. 142, *De Coster v. Amazon.com, Inc.*, No. 21-cv-00693-JHC (W.D. Wash.); Motion to Dismiss, ECF No. 127, *FTC v. Amazon.com,*

3   *Inc.*, No. 23-cv-01495-JDC (W.D. Wash.).  Those motions are currently pending.  Dismissal of those two cases would of course obviate the need for coordination with those actions.

4

5

also be relevant to the government and private plaintiff cases, and Amazon's deponents in this case will likely be deposed on similar issues in these other proceedings. A failure to coordinate this overlapping discovery would create a substantial burden on Amazon and these witnesses, whereas coordinated discovery would not pose any additional burden on plaintiffs' counsel who are already involved in the private plaintiff cases.

For these reasons, and consistent with Amazon's pending Motion for Coordinated Discovery Schedule before Judge Chun, discovery in this case should be coordinated with the schedules in the related proceedings. All cases should have a fact discovery deadline ending on approximately August 8, 2025. In addition, Plaintiffs and Amazon should use all reasonable efforts to coordinate the depositions of Amazon witnesses and nonparty witnesses across all of the coordinated cases absent either (i) agreement of the parties or (ii) a showing of good cause and order of the Court.

Plaintiffs' arguments regarding the schedule are unpersuasive. First, they contend that it is speculative whether there will be overlapping discovery because "[n]either the FTC nor the CAAG have asserted [a claim] based on the alleged Buy Box algorithm bias."[4] But *they expressly told this Court this case is related to the FTC action*, including with regard to their Featured Offer claims specifically; as they explained, the FTC alleges "unfair methods of competition by Amazon, including Amazon's method of selecting the retail offer that is featured to consumers on Amazon Marketplace as the 'Featured Offer' or Buy-Box winner." *See* ECF No. 5 at 1. It is thus clear on the face of Plaintiffs' own filings that both matters will concern overlapping facts regarding the Featured Merchant Algorithm and its fairness to customers. And Plaintiffs' argument is further belied by the fact that they are proposing to allow discovery to be shared across these cases. *See infra* Section (f). If the cases did not have factual overlap, there would be no need for them to cross-use discovery in this manner.

Second, Plaintiffs misleadingly quote Judge Chun's January 19, 2022 opinion declining to

---

[4] After seeing Amazon's response, Plaintiffs changed this quote in their proposal; they now assert that the government plaintiffs did not bring "a Washington consumer protection claim." That the government plaintiffs did not bring exactly the same claim is irrelevant; the point is that both the government cases and this consumer case indisputably have factual overlap.

consolidate certain Amazon cases. They fail to acknowledge that this opinion was issued long before the California Attorney General and FTC actions were initiated (in September 2022 and September 2023, respectively). As Amazon's pending motion to consolidate discovery in the *De Coster* case explains, discovery in the government cases is now consolidated, and there is no reason why this case should not be included in those efforts at efficiency. *See generally* Motion for Coordinated Discovery Schedule, ECF No. 139, *De Coster v. Amazon.com, Inc.*, No. 21-cv-00693-JHC (W.D. Wash.).

Third, Plaintiffs suggest that Amazon's plan will cause some unquantified "delay." But of course, the concern of plaintiffs in this particular case must be balanced against the prevailing interest of "judicial economy" across multiple overlapping cases, *see, e.g.*, *Burton-Curl v. S. Seattle Dist. Coll.*, 2023 WL 5509074, at *2 (W.D. Wash. Aug. 25, 2023), including, here, in multiple other private cases brought by Plaintiffs' counsel, and concurrent antitrust matters brought by the FTC and state attorneys general. And Plaintiffs ignore that their proposal would result in a trial that would not occur for much longer after class certification than in Amazon's proposal (14 months, versus Amazon's proposal for 10 months).[5]

Finally, during the Rule 26 conference, Plaintiffs explained that they desired for the schedule to allow limited additional discovery following class certification on topics that they could not have anticipated prior to a class certification order. To the extent Plaintiffs believe such discovery is necessary upon class certification, Amazon will not oppose a reasonable extension for this limited purpose.

| Event | Proposed Deadline or Date |
|---|---|
| Initial disclosures | May 20, 2024 |
| Completion of non-expert discovery | August 8, 2025 |
| Class certification motion | August 8, 2025 |
| Opposition to class certification motion | October 8, 2025 |

---

[5] Plaintiffs argue that 60 days is too long to oppose class certification, but it is customary for a party opposing a motion to have twice as long to oppose it as the movant has to reply. *See* LCR 7(d). Plaintiffs propose to give themselves 30 days for the reply. Contrary to Plaintiffs' argument, Amazon's proposed schedule is consistent with schedules adopted in other class actions with a single claim. *See, e.g.*, *Mahone v. Amazon.com, Inc.*, No. 2:22-cv-00594-MJP (W.D. Wash.) (Pechman, J.), ECF No. 66 (63 days for opposition, 31 days for reply).

| Event | Proposed Deadline or Date |
|---|---|
| Reply in further support of class certification motion | November 10, 2025 |
| Hearing on motion to certify class | To be set at the Court's convenience [No change from Plaintiff's proposal to this or remaining deadlines] |
| Disclosure of merits expert reports (except those that are used to support or oppose a motion for class certification) | Within 2 months after the Court's order on class certification |
| Disclosure of merits rebuttal expert reports (except those that are used to support or oppose a motion for class certification) | Within 4 months after the Court's order on class certification, i.e., within 60 days of merits expert reports |
| Disclosure of expert responses to rebuttal reports (except those that are used to support or oppose a motion for class certification) | Within 5 months after the Court's order on class certification |
| Completion of expert discovery | Within 6 months after the Court's order on class certification |
| Dispositive and *Daubert* motion(s) | Within 8 months after the Court's order on class certification |
| Hearing on dispositive and *Daubert* motion(s) | To be set by the Court after briefing on motions completed |
| Trial | Date to be determined, but no sooner than 10 months from the Court's order on class certification |

### a.    Exchange of initial disclosures

As required by the Court, the Parties exchanged their initial disclosures on May 20, 2024. (ECF No. 17).

### b.    Subjects, timing, and potential phasing of discovery

### (1)    Plaintiffs:

Plaintiffs anticipate extensive discovery, including documents and data concerning:

- The operation of the FMA;

- The effect of Prime and Fulfilled by Amazon on the Featured Offer selection;

- The effect of commitments Amazon undertook to resolve regulators'

investigations of its Buy Box practices;

- Historical and current price information and transactional data for products subject to the FMA;

- Amazon departments and employees/officers primarily charged with the design, operation, and testing of the FMA; and

- Productions made to the European and UK regulators, the House Judiciary Committee, the DOJ, the FTC, and state attorneys general, as they relate to any of the above categories of documents.

Additionally, if the class is certified, Plaintiffs will seek class member names and contact information from Amazon for purposes of class notification.

Plaintiffs do not belief that discovery should be bifurcated or phased.

### (2) Defendant:

Relevant discovery will include discovery on the following topics:

- The criteria Amazon uses to select the offer featured on product detail pages, and its reasons for doing so.

- Plaintiffs' shopping history in the Amazon.com store

### c. Electronically stored information

Plaintiffs' counsel are also counsel in several other proposed class actions against Amazon pending in this District. *See, e.g.*, *Frame-Wilson et al. v. Amazon.com, Inc.*, No. 20-cv-00424-JHC (W.D. Wash.); *De Coster et al. v. Amazon.com, Inc.*, No. 21-cv-00693-JHC (W.D. Wash.); *Brown v. Amazon*, No. 22-cv-00965-JHC (W.D. Wash.). The Parties anticipate that they will submit substantially the same proposed ESI Protocol entered in those other cases, which addresses preservation, search, and production requirements.

### d. Privilege issues

The Parties expect that they will submit substantially the same proposed Protective Order entered in the *Frame-Wilson, De Coster*, and *Brown* litigations, containing procedures for handling the inadvertent production of privileged information and other privilege waiver issues pursuant to Rule 502(d) or (e) of the Federal Rules of Evidence.

### e. Proposed limitations on discovery

The Parties agree to follow the Federal Rules of Civil Procedure for the exchange of written discovery and conducting depositions, including any presumptive limits on depositions and interrogatories.

### f. Need for any discovery-related orders

Amazon plans to file a motion to stay discovery. Plaintiffs oppose that motion. *See supra* Section 4.

For the sake of expediency and to minimize duplication between this action and other actions in which Plaintiffs' counsel are also counsel of record in litigation against Amazon, the Parties plan to negotiate a stipulated motion that permits certain responsive documents already provided by Amazon to Plaintiffs' counsel, e.g., in *Frame-Wilson, De Coster*, and *Brown*, to be used in this case.

## 5. Items set forth in Rule 26(f)(3) of the Federal Rules of Civil Procedure

### a. Prompt case resolution

The Parties will litigate this case as efficiently as possible.

### b. Alternative dispute resolution ("ADR")

The Parties will review ADR options in this matter as the case develops.

### c. Related cases

Pursuant to LCR 3(g)(1), Plaintiffs previously filed a Notice of Related Case identifying the FTC case as a related case. *See generally* ECF No. 5. As described above, it is Defendant's position that the other private plaintiff cases before Judge Chun and the California government case also include allegations that overlap with the allegations in this case. It is Plaintiffs' position that all the other pending cases which Amazon seeks to peg this Court's schedule to are antitrust cases asserting vastly different claims, and therefore "the legal claims and core factual allegations supporting the actions' respective causes of action have little overlap." ECF No. 5 at 1.

### d. Discovery management

The Parties intend to litigate this case efficiently and do not believe special procedures for discovery management are appropriate for this case.

### e.  Anticipated discovery sought

The Parties' statements of anticipated discovery from each other are stated above. *See supra* Sec. 4(c).

### f.  Phasing motions

The Parties have presented proposed schedules in Section 4 regarding phasing of motions.

### g.  Preservation of discoverable information

#### (1)  Plaintiffs:

Plaintiffs request preservation of all data and documents responsive to their anticipated discovery, as described in Section 4(c)(1) above.

Plaintiffs have preserved relevant documents consistent with the claims and defenses in this case.

#### (2)  Defendant:

Defendant has preserved relevant documents consistent with the claims and defenses in this case.

### h.  Privilege issues

*See supra* Sec. 4(d).

### i.  Model Protocol for Discovery of ESI

The Parties' proposed ESI Protocol is largely consistent with the Model Protocol.

### j.  Alternatives to Model Protocol

The Parties' proposed ESI Protocol is substantially the same as the current Model Protocol.

## 6.  Discovery deadline

Plaintiffs propose that fact discovery shall close 4 months after the Court's order on class certification, as described in Section 4 above.

## 7.  Bifurcation

The Parties expect to oppose any bifurcation between class certification and merits or between liability and damages.

## 8.  Whether the pretrial statements and pretrial order can be dispensed with for

**the sake of economy**

The Parties do not believe that dispensing with pretrial statements and a pretrial order is appropriate for this action.

**9.      Other suggestions for shortening or simplifying the case**

The Parties agree to meet and confer as appropriate to propose any issues that can be narrowed by stipulation or by motion, as well as any potential means to expedite the presentation of evidence at trial.

**10.      The date the case will be ready for trial**

The Parties anticipate that their case will be ready for trial 14 months after the Court's order on class certification, as described in Section 4 above.

**11.      Trial Type**

**a.      Plaintiffs:**

Plaintiffs requested a trial by jury, however, Amazon correctly points out that the parties waived their right to a jury trial under Amazon's terms of use.

**b.      Defendant:**

Any trial should be a bench trial, pursuant to Amazon's Conditions of Use.

**12.      Trial Length**

**a.      Plaintiffs:**

Plaintiffs currently anticipate it will require 4 days for the presentation of their case.

**b.      Defendant:**

Defendant currently anticipates that it will require 4 days for the presentation of its case.

**13.      Names, addresses, and telephone numbers of all trial counsel**

<u>Counsel for Plaintiffs</u>

HAGENS BERMAN SOBOL SHAPIRO LLP

Steve W. Berman, WSBA No. 12536
Barbara A. Mahoney, WSBA No. 31845
Meredith Simons (WSBA No. forthcoming)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

E-mail: steve@hbsslaw.com
E-mail: barbaram@hbsslaw.com
E-mail: merediths@hbsslaw.com

Counsel for Amazon

DAVIS WRIGHT TREMAINE LLP

John A. Goldmark, WSBA # 40980
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
Email: JohnGoldmark@dwt.com

WILLIAMS & CONNOLLY LLP

John E. Schmidtlein (*Pro Hac Vice*)
Kevin M. Hodges (*Pro Hac Vice*)
Carl R. Metz (*Pro Hac Vice*)
Jenny N. Wheeler (*Pro Hac Vice*)
680 Maine Avenue SW
Washington, D.C. 20024
Telephone: 202-434-5000
Fax: 202-434-5029
Email: jschmidtlein@wc.com
Email: khodges@wc.com
Email: cmetz@wc.com
Email: jwheeler@wc.com

**14.    Scheduling complications to be considered in setting a trial date**

The Parties are not currently aware of scheduling conflicts in setting a trial date. However, as described above, there are several related cases which may present trial conflicts involving overlapping counsel and witnesses.

**15.    Deadline to serve parties who have not been served**

All parties have been served.

**16.    Pretrial FRCP 16 conference**

The Parties do not believe that a pretrial conference is necessary under Rule 16 of the Federal Rules of Civil Procedure.

**17.    Deadline for corporate disclosure statement**

All corporate parties have submitted corporate disclosure statements. Defendant filed its corporate disclosure statement on February 26, 2024.

DATED: May 28, 2024                    Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By: ____*/s/ Steve W. Berman*_____
      Steve W. Berman (WSBA No. 12536)
By: ____*/s/ Barbara A. Mahoney*_____
      Barbara A. Mahoney (WSBA No. 31845)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
E-mail: steve@hbsslaw.com
E-mail: barbaram@hbsslaw.com

*Attorneys for Plaintiffs and the Proposed Class*

DAVIS WRIGHT TREMAINE LLP

By:_____*/s/ John A. Goldmark*_____
John A. Goldmark, WSBA #40980
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
Email:  JohnGoldmark@dwt.com

WILLIAMS & CONNOLLY LLP

John E. Schmidtlein (*Pro Hac Vice*)
Kevin M. Hodges (*Pro Hac Vice*)
Carl R. Metz (*Pro Hac Vice*)
Jenny N. Wheeler (*Pro Hac Vice*)
680 Maine Avenue SW
Washington, D.C.  20024
Telephone: 202-434-5000
Fax: 202-434-5029
Email: jschmidtlein@wc.com
Email: khodges@wc.com
Email: cmetz@wc.com
Email: jwheeler@wc.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

*/s/ Steve W. Berman*
Steve W. Berman
