# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JEFFREY TAYLOR and ROBERT SELWAY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:24-cv-00169-MJP<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT AMAZON.COM, INC.'S MOTION TO STAY DISCOVERY**<br><br>NOTE ON MOTION CALENDAR:<br>July 1, 2024 |

PLAINTIFFS' RESPONSE TO
DEFENDANT'S MOTION TO STAY
Case No. 2:24-cv-00169-MJP

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

## TABLE OF CONTENTS

| | | | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | FACTUAL AND PROCEDURAL BACKGROUND | | 1 |
| III. | ARGUMENT | | 2 |
| | A. | Amazon Has Not Identified Any Threshold Legal Issues That Would Justify a Stay of Discovery | 2 |
| | B. | A Stay Would Prejudice Plaintiffs and Cause Substantial Delay | 4 |
| | C. | Requiring Amazon to Participate in Discovery Will Not Impose Undue Hardship or Inequity on Amazon | 7 |
| | D. | A Stay Will Not Simplify Issues, Proof, or Questions of Law | 10 |
| IV. | CONCLUSION | | 11 |



# TABLE OF AUTHORITIES

Page(s)

CASES

*Ahern Rentals Inc. v. Mendenhall*,
   2020 WL 8678084 (W.D. Wash. July 9, 2020)..................................................................6

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)........................................................................................................10

*Busalacchi v. Wal-Mart Stores, Inc.*,
   2019 WL 9075964 (S.D. Fla. Oct. 10, 2019)....................................................................6

*Chaten v. Van Boening*,
   2010 WL 3938138 (W.D. Wash. Oct. 4, 2010)..................................................................4

*Clardy v. Gilmore*,
   773 F. App'x 958 (9th Cir. 2019).......................................................................................4

*De Coster v. Amazon*,
   2022 WL 168405 (W.D. Wash. Jan. 19, 2022).................................................................10

*Dorian v. Amazon Web Servs.*,
   2022 WL 3155369 (W.D. Wash. Aug. 8, 2022)......................................................... *passim*

*Edmonds v. Amazon.com, Inc.*,
   2020 WL 8996835 (W.D. Wash. Mar. 6, 2020).............................................................1, 7

*In re Facebook, Inc. S'holder Derivative Priv. Litig.*,
   2019 WL 452034 (N.D. Cal. Feb. 5, 2019).......................................................................9

*Garner v. Amazon.com, Inc.*,
   2022 WL 716840 (W.D. Wash. Mar. 10, 2022).................................................................7

*Garner v. Amazon.com, Inc.*,
   2023 WL 6038011 (W.D. Wash. Sept. 15, 2023)..............................................................8

*Head v. County of Sacramento*,
   2021 WL 1238283 (E.D. Cal. Apr. 2, 2021).....................................................................4

*Head v. County of Sacramento*,
   No. 2:19-cv-01663-CKD .................................................................................................4

*Holberg v. Gregoire*,
   2009 WL 3248054 (W.D. Wash. Oct. 6, 2009).................................................................4

*Hold Sec. LLC v. Microsoft Corp.*,
   2023 WL 7920434 (W.D. Wash. Nov. 16, 2023) (Pechman, J.) ...........................2, 3, 4, 10



*Holmes v. Metro. Police Dep't*,
   2014 WL 3734282 (D. Nev. July 29, 2014) ...................................................................4

*HRC-Hainan Holding Co., LLC v. Yihan Hu*,
   2020 WL 1643786 (N.D. Cal. Apr. 2, 2020) ..................................................................6

*J.I. v. United States*,
   2018 WL 3769414 (E.D. Cal. Aug. 7, 2018) ..................................................................6

*Kwan v. Clearwire Corp.*,
   2011 WL 1213176 (W.D. Wash. Mar. 29, 2011) ...........................................................7

*Lloyd's Syndicate 2112 v. Meridian Drywall, Inc.*,
   2013 WL 4774456 (W.D. Wash. Sept. 5, 2013) .............................................................6

*Lockyer v. Mirant Corp.*,
   398 F.3d 1098 (9th Cir. 2005) ....................................................................................4, 5

*Miller v. Ford Motor Co.*,
   2022 WL 874875 (E.D. Cal. Mar. 24, 2022) ..................................................................6

*Milton v. Boston Sci. Corp.*,
   2023 WL 7048217 (W.D. Wash. Oct. 26, 2023) ............................................................3

*O'Connor v. Boeing N. Am., Inc.*,
   311 F.3d 1139 (9th Cir. 2002) .......................................................................................3

*Paieri v. Western Conf. of Teamsters Pension Tr.*,
   2023 WL 8717173 (W.D. Wash. Dec. 18, 2023) ..................................................7, 9, 10

*In re PG&E Corp. Sec. Litig.*,
   100 F.4th 1076 (9th Cir. 2024) ......................................................................................7

*Supercooler Techs., Inc. v. Coca-Cola Co.*,
   2023 WL 7411514 (M.D. Fla. Oct. 6, 2023) .................................................................6

*Taylor v. McDonough*,
   2021 WL 9649333 (W.D. Wash. May 17, 2021)...........................................................6

*Universal Trading & Inv. Co. v. Dugsbery, Inc.*,
   499 F. App'x 663 (9th Cir. 2012) ..................................................................................4

*White v. Skagit Bonded Collectors, LLC*,
   2022 WL 508825 (W.D. Wash. Jan. 24, 2022)...........................................................1, 5

*Williams v. Sampson*,
   2017 WL 1330502 (W.D. Wash. Apr. 11, 2017) ...........................................................4

*Zapien v. Washington Mut., Inc.*,
   2008 WL 11509011 (S.D. Cal. Apr. 17, 2008) ..............................................................3

PLAINTIFFS' RESPONSE TO
DEFENDANT'S MOTION TO STAY - iii
Case No. 2:24-cv-00169-MJP

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

| | |
|---|---|
| *Zeiger v. Hotel Cal. by the Sea LLC*,<br>   2022 WL 1499670 (W.D. Wash. May 12, 2022) | 6 |

**STATUTES**

| | |
|---|---|
| 15 U.S.C. 78u-4(b)(3)(B) | 3 |

**OTHER AUTHORITIES**

| | |
|---|---|
| Fed. R. Civ. P. 23(c)(1) | 5 |
| Fed. R. Civ. P. 26(c)(1) | 2 |



## I. INTRODUCTION

Every motion to dismiss could theoretically end a case. But stays of discovery pending motions to dismiss are "the exception and not the rule" in this District, *White v. Skagit Bonded Collectors, LLC*, 2022 WL 508825, at *1 (W.D. Wash. Jan. 24, 2022), including in putative class actions. Amazon's argument—that discovery is burdensome and unnecessary, and Plaintiffs are not prejudiced by a stay if their claims do not survive—"assumes that its motion to dismiss will be granted, which is insufficient, as speculation does not satisfy Rule 26(c)'s good cause requirement." *Edmonds v. Amazon.com, Inc.*, 2020 WL 8996835, at *2 (W.D. Wash. Mar. 6, 2020) (citation omitted). Moreover, "courts in this jurisdiction typically stay discovery only when the dispositive motion in question raises preliminary 'threshold' issues that may preclude a court from reaching the merits of a claim," like lack of jurisdiction, immunity, or arbitrability. *Dorian v. Amazon Web Servs.*, 2022 WL 3155369, at *2 (W.D. Wash. Aug. 8, 2022). Amazon's motion to dismiss presents no such threshold issues, but instead relies on fact-intensive defenses such as the statute of limitations and causation. Dkt. 13 at 6–9, 15–16.

Amazon's request for a blanket stay is also inconsistent with its request for coordinated discovery with four cases in which discovery is ongoing. Dkt. 20 at 8. Further, by virtue of other litigation with Amazon, Plaintiffs' counsel already possess many of the documents Plaintiffs request here, but are not permitted to use the documents in this litigation under protective orders in the other cases. Amazon cannot show that merely designating productions in Plaintiffs' counsel's possession as permitted for use in this case is unduly burdensome. The Court should therefore deny the motion, or at a minimum permit discovery of prior Amazon productions.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On February 8, 2024, Plaintiffs filed this action under the Washington Consumer Protection Act (CPA), alleging that Amazon steers consumers toward the offers that will generate the highest fees for Amazon—even when there are lower-priced (but otherwise equivalent) offers for the same product on Amazon's marketplace. Dkt. 1 (Compl.) ¶¶ 1–6. Amazon does so via an algorithm that selects which offer will appear in the "Buy Box" when multiple sellers offer the same product. *Id.* ¶¶ 45–58.

Amazon moved to dismiss, arguing that Plaintiffs failed to state a CPA claim and their suit is time-barred because certain online articles should have put Plaintiffs on notice of their claim outside the four-year limitation period. Dkt. 13 at 7–8. Plaintiffs opposed Amazon's motion to dismiss, arguing that its defenses were questions of fact. Dkt. 20 at 6–8. Plaintiffs allege that their claims are timely because Plaintiffs were not on notice of their overcharge injuries until events within the limitation period: the European Commission's November 2020 investigation into whether Amazon's highly secretive algorithm favors Amazon and FBA over sellers that use other logistics providers, Compl. ¶¶ 59–69, and a November 2021 report by the Italian Competition Authority which disclosed for the first time the basic operation of Amazon's algorithm and which factors Amazon uses to unfairly favor offers from Amazon or sellers enrolled in FBA. *Id.* ¶¶ 51–54; 61–69.

Plaintiffs served Amazon with requests for production seeking documents related to the Buy Box algorithm, FBA, and Amazon Prime, as well as transaction data for the U.S. Amazon Marketplace. Dkt. 24. While its motion to stay is pending, Amazon refuses to produce *any* documents or even to permit responsive documents already in Plaintiffs' counsel's possession to be designated for use in this case. Berman Declaration in Support of Plaintiffs' Response to Motion to Stay Discovery, Ex. 1 (R&Os).

### III. ARGUMENT

A court may stay discovery only upon showing of "good cause" by the moving party. Fed. R. Civ. P. 26(c)(1). The "mere existence of a dispositive motion does not warrant a stay of discovery." *Hold Sec. LLC v. Microsoft Corp.*, 2023 WL 7920434, at *1 (W.D. Wash. Nov. 16, 2023) (Pechman, J.).

**A.  Amazon Has Not Identified Any Threshold Legal Issues That Would Justify a Stay of Discovery**

In determining whether a discovery stay pending the outcome of a motion to dismiss is appropriate, courts consider whether the motion "raises preliminary 'threshold' issues that may preclude a court from reaching the merits of a claim," such as jurisdiction, immunity, arbitrability, or improper venue, *Dorian*, 2022 WL 3155369, at *2, "rather than fact-intensive

PLAINTIFFS' RESPONSE TO
DEFENDANT'S MOTION TO STAY - 2
Case No. 2:24-cv-00169-MJP

inquiries that might be resolved by further discovery," *Hold Sec.*, 2023 WL 7920434, at *1. Amazon has identified no such issues. It argues that its statute of limitations argument is a "threshold" issue, but Plaintiffs' CPA claim is subject to the discovery rule, and "[w]hen a party should have discovered a cause of action is ordinarily a question of fact." *Milton v. Boston Sci. Corp.*, 2023 WL 7048217, at *2 (W.D. Wash. Oct. 26, 2023); *see also* Dkt. 20 at 5–8.

As Amazon's stay motion makes clear, this is a deeply fact-bound argument that can only be resolved by further discovery. Notably, Amazon did not ask the Court to take judicial notice of congressional hearings extrinsic to the complaint, yet it resorts to the impermissible argument that Plaintiffs' claim is untimely because they filed "more than five years after there were various Congressional disclosures and the press began reporting on the same purported features of Amazon's Featured Merchant Algorithm on which Plaintiffs now rely." Mot. at 3. Plaintiffs plausibly allege that they could not have learned the basis for their claim until they learned how Amazon's deceptive algorithm functioned to mislead them into paying for higher priced goods, and this information first become public within the limitations period. *See supra* Sec. II; Dkt. 20 5-8. This is not a "threshold" issue that supports a stay; it is one that requires further discovery. *See O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139, 1152–53 (9th Cir. 2002) (reversing dismissal on summary judgment because the plaintiffs' awareness "of a specific fact or event was uniquely an issue for the jury to resolve" and required "a fact-intensive examination of the geographic scope of the circulation of various publications, the level of saturation of each publication within the relevant communities, . . . the prominence of those articles within the publication, and the likelihood that a reasonable person . . . would have read such articles").

Amazon cites several inapposite cases where stay motions were granted pending motions to dismiss that raised statute of limitations arguments. *Zapien v. Washington Mut., Inc.*, 2008 WL 11509011, at *2 (S.D. Cal. Apr. 17, 2008), sheds no light on whether a stay is appropriate here because the claim there was brought under the Private Securities Litigation Reform Act (PSLRA) which imposes an *automatic* stay of discovery "during the pendency of any motion to dismiss," 15 U.S.C. 78u-4(b)(3)(B). In the remaining cases Amazon cites, the time-bar was plain from the face of the complaint or from filings in other court proceedings by the same plaintiff.

*See Universal Trading & Inv. Co. v. Dugsbery, Inc.*, 499 F. App'x 663, 665 & n.9 (9th Cir. 2012) (noting that "on its face" the complaint alleged that eleven years had passed between the claimed injury (with a four-year limitation period) and filing of the suit); *Holmes v. Metro. Police Dep't*, 2014 WL 3734282, at *3 (D. Nev. July 29, 2014) (statute of limitations defense based on disclosures that the same *pro se* plaintiff had made in prior litigation); *Head v. County of Sacramento*, 2021 WL 1238283, at *2 (E.D. Cal. Apr. 2, 2021) (filings in a criminal case involving the same plaintiff established that the plaintiff had been aware of the misconduct alleged in the complaint ten years earlier); *see also Head v. County of Sacramento*, No. 2:19-cv-01663-CKD, Motion to Dismiss, Dkt. 54-1 (E.D. Cal. Jan. 27, 2021).

Amazon also argues that discovery should be stayed because it challenges the sufficiency of Plaintiffs' CPA claim. Mot. at 9. This argument, too, fails. Most Rule 12(b)(6) motions test the sufficiency of the pleadings, but courts typically only permit stays if the motion to dismiss presents threshold issues like "subject matter jurisdiction, immunity, and the like" or where dismissal appears "inevitable." *Hold Sec.*, 2023 WL 7920434, at *2. Amazon raises no threshold issues, and Plaintiffs provide substantial authority in support of their opposition. Dkt. 20 at 5–19. The cases cited by Amazon, Mot. at 4, are inapposite. The defendants in *Williams v. Sampson* raised threshold "issues of jurisdiction and immunity" which "warrant[ed] a stay." 2017 WL 1330502, at *1 (W.D. Wash. Apr. 11, 2017). *Clardy v. Gilmore* involved a stay pending resolution of a summary judgment motion. 773 F. App'x 958, 958 (9th Cir. 2019). In *Holberg v. Gregoire*, the *pro se* plaintiff had already amended his complaint to cure pleading deficiencies once. 2009 WL 3248054, at *1 (W.D. Wash. Oct. 6, 2009). And the court did not address the basis for the motion to dismiss in *Chaten v. Van Boening*, 2010 WL 3938138 (W.D. Wash. Oct. 4, 2010).

### B. A Stay Would Prejudice Plaintiffs and Cause Substantial Delay

Amazon argues that Plaintiffs suffer no prejudice if a stay is granted on a claim filed towards the end of the limitations period. Dkt. 23 at 2, 7. But the case it relies on, *Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005), provides no support for Amazon's novel guideline.

PLAINTIFFS' RESPONSE TO
DEFENDANT'S MOTION TO STAY - 4
Case No. 2:24-cv-00169-MJP

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

On the contrary, *Lockyer* urged the lower court to consider that the plaintiffs' lost wages claims weighed against a stay of discovery. *Id.* at 1111.

A discovery stay is "directly at odds" with Plaintiffs' interest in the "expeditious resolution of litigation." *White*, 2022 WL 508825, at *1 (quotation omitted). Plaintiffs seek an injunction that would prevent Amazon from using a biased Buy Box algorithm and require it to revise its Buy Box selection process, as it has done in response to regulatory pressure in Europe. Compl. at 24. A stay will delay Plaintiffs' efforts to stop "ongoing" illegal conduct "that threatens economic harm to . . . consumers." *Lockyer*, 398 F.3d at 1112; *Dorian*, 2022 WL 3155369, at *3 (denying motion for discovery stay because "Plaintiff seeks injunctive and equitable relief as necessary to protect their interests and the interests of the putative class").

Amazon's assertion that a stay would be "short," Mot. at 8, is speculative. There is no date certain by which the Court will rule on Amazon's motion to dismiss. Due to the extended briefing schedule Amazon requested, briefing was not completed until May 6, 2024. If the Court requires six months to decide the motion, Amazon's discovery stay would not be lifted until November 2024—nine months after Plaintiffs filed their complaint. This substantial delay would be highly prejudicial to Plaintiffs, who have requested a schedule that would begin class certification briefing in January 2025. *See* Dkt. 22 at 7. A stay of even a few months would render that deadline unworkable and force the motion for class certification well into 2025.

Amazon's stay motion is one of several requests to delay this case and thwart Plaintiffs' efforts to file a motion for class certification as soon as "practicable" after filing their class action suit. Fed. R. Civ. P. 23(c)(1). Amazon also seeks to delay class certification until after discovery closes in a collection of antitrust cases against Amazon by the FTC, the California Attorney General, and private plaintiffs. Dkt. 22 at 8–9. Indeed, Amazon's argument that discovery will not be "resolved" in the other pending cases until August 2025, Mot. at 9, suggests that Amazon demands something far more than "coordinated" discovery, but instead seeks to prevent Plaintiffs here from conducting *any* discovery not otherwise requested by plaintiffs in the four cases to which Amazon seeks to bind Plaintiffs. Furthermore, Amazon refuses to produce any documents to Plaintiffs while its stay motion is pending. Berman Decl. Ex. 1. Amazon even

PLAINTIFFS' RESPONSE TO
DEFENDANT'S MOTION TO STAY - 5
Case No. 2:24-cv-00169-MJP

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

refuses to permit Plaintiffs to use documents in their counsel's possession by virtue of other pending litigation against Amazon. *Id.* (*see* objections to RFPs 1-3, requesting responsive documents produced in the *Frame-Wilson* and *De Coster* cases). Unless Amazon reconsiders its position,[1] Plaintiffs will be forced to bring a motion to compel, which will also delay discovery and unnecessarily burden the Court.

The cases Amazon cites in which courts found plaintiffs would not be prejudiced by a stay are inapt. Most involve a stay pending a decision that would have removed the case from the court's jurisdiction but allowed the plaintiff to pursue discovery in another forum. *See, e.g.*, *Ahern Rentals Inc. v. Mendenhall*, 2020 WL 8678084, at *2 (W.D. Wash. July 9, 2020) (no prejudice where a petition to consolidate plaintiff's multiple actions in an MDL was pending); *Zeiger v. Hotel Cal. by the Sea LLC*, 2022 WL 1499670, at *1 (W.D. Wash. May 12, 2022) (no prejudice pending decision on motion to compel arbitration); *J.I. v. United States*, 2018 WL 3769414, at *1 (E.D. Cal. Aug. 7, 2018) (no prejudice where motion to change venue was pending); *Lloyd's Syndicate 2112 v. Meridian Drywall, Inc.*, 2013 WL 4774456, at *2 (W.D. Wash. Sept. 5, 2013) (no prejudice pending trial in related state-court matter, where state-court trial could obviate need for litigation in federal court). Others involved plainly deficient complaints or motions to dismiss that "appear[ed] clearly meritorious." *See Busalacchi v. Wal-Mart Stores, Inc.*, 2019 WL 9075964, at *1 (S.D. Fla. Oct. 10, 2019) (court had taken a "preliminary peek" at the motion to dismiss and determined that it was "likely" to be "granted in its entirety"); *Taylor v. McDonough*, 2021 WL 9649333, at *1 (W.D. Wash. May 17, 2021) (*pro se* plaintiff's complaint was "difficult to follow and [was] scant in detail").

---

[1] "[N]owhere in the rules is a motion to stay discovery [] self-executing." *Supercooler Techs., Inc. v. Coca-Cola Co.*, 2023 WL 7411514, at *1 (M.D. Fla. Oct. 6, 2023) (quotation omitted). The "presumption [is] that discovery requests are permissible now that the parties have conferred under Rule 26(f). Filing the motion to stay, in and of itself, did not change the situation." *Miller v. Ford Motor Co.*, 2022 WL 874875, at *2 (E.D. Cal. Mar. 24, 2022). "A motion is just [a] request for a court order . . . . Simple logic teaches that . . . unless and until it is granted a stay, defendant should be required to conduct discovery as if no motion had been filed at all." *HRC-Hainan Holding Co., LLC v. Yihan Hu*, 2020 WL 1643786, at *2 (N.D. Cal. Apr. 2, 2020) (quotations omitted).



Amazon also asserts that a stay will not prejudice Plaintiffs because they can obtain some of the information they have requested from public sources (which Amazon does not identify). Mot. at 8–9. They cite no authority for the proposition that the public availability of certain information justifies a wholesale discovery stay.

C. **Requiring Amazon to Participate in Discovery Will Not Impose Undue Hardship or Inequity on Amazon**

Plaintiffs will be prejudiced by a stay, and when "'there is even a fair possibility that [a] stay . . . will work damage to someone else,' the party seeking the stay 'must make out a clear case of hardship or inequity.'" *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1087 (9th Cir. 2024) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 255 (1936)). Amazon has not done so. It argues that responding to discovery in this class action litigation would be unduly burdensome. But the "burden of participating in discovery," without more, "does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Dorian*, 2022 WL 3155369, at *3 (quoting *Lockyer*, 398 F.3d at 1112).

Amazon cites out-of-Circuit authority for the proposition that "courts regularly stay discovery pending a ruling on a motion to dismiss. Mot. at 5 (citing *Rodriguez v. Ford Motor Co.*, 2022 WL 704780, at *2 (N.D. Ill. Mar. 9, 2022)). That is inconsistent with the clear weight of authority in this District, where courts have repeatedly held that "Defendants' aspirations of success on their motion to dismiss do not justify a stay" of discovery, even in putative class actions where broad discovery requests have been served. *Paieri v. Western Conf. of Teamsters Pension Tr.*, 2023 WL 8717173, at *5 (W.D. Wash. Dec. 18, 2023); *see also Dorian*, 2022 WL 3155369, at *1–2 (denying Amazon's motion to stay discovery pending a motion to dismiss in a putative class action); *Garner v. Amazon.com, Inc.*, 2022 WL 716840, at *1 (W.D. Wash. Mar. 10, 2022) (same); *Edmonds*, 2020 WL 8996835, at *2 (same).[2]

---

[2] Amazon also cites *Kwan v. Clearwire Corp.*, 2011 WL 1213176 (W.D. Wash. Mar. 29, 2011), for the proposition that a stay should be granted because of the burdens associated with class discovery. Mot. at 5. But *Kwan* was stayed pending a Supreme Court decision that was likely to resolve a pending motion to compel arbitration. 2011 WL 1213176, at *3. All the *Kwan* court said is that "[t]he burdens associated with discovery in a putative class action are

PLAINTIFFS' RESPONSE TO
DEFENDANT'S MOTION TO STAY - 7
Case No. 2:24-cv-00169-MJP

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

Amazon says Plaintiffs' requests for production are "uniquely burdensome," Mot. at 6, complaining that Plaintiffs' requests cover "hundreds of millions of Amazon shoppers and millions of third-party sellers" for a period of more than ten years. *Id.* at 5–6. But to be clear, Plaintiffs have not requested "hundreds of millions" of documents. Mot. at 5–6. Plaintiffs' requests are proportional to the scope of this case, which covers transactions on the country's largest online marketplace and alleges unfair and deceptive practices that began in 2016. Most documents Plaintiffs requested, including the transactional data Amazon professes to be so concerned about, are already in their counsel's possession and merely require Amazon's consent to be used in this litigation (*see, e.g.*, RFP 2). A few others are requests for discrete data sets Amazon produced to the FTC (*see* RFPs 10 and 13, requesting the number of sellers enrolled in FBA and the number of consumers enrolled in Prime). If Amazon were not merely seeking to avoid the inconvenience of defending itself in litigation—which is not grounds for a stay—but were acting in good faith to minimize the prejudice to Plaintiffs, it would permit Plaintiffs to make use of the responsive data, testimony, and documentary evidence already in their counsel's possession, and it would reproduce the discrete data sets it produced to the FTC.

Plaintiffs seek the documents produced in the other actions insofar "as they relate to FBA, Prime, and the Buy Box/Featured Offer." RFP 1 (e)–(f). Plaintiffs thus seek only documents that are squarely implicated by the claims in this case. And by requesting previously produced documents, especially ones already in their counsel's possession, Plaintiffs are *reducing* the burden on Amazon. *See also Garner v. Amazon.com, Inc.*, 2023 WL 6038011, at *2 (W.D. Wash. Sept. 15, 2023) ("[T]here is no [per se] bar to the production of 'cloned discovery.' Rather, the issue is, as always, whether the requested documents are relevant to plaintiffs' claims and, if so, whether their production is proportional to the needs of the case.") (compelling

---

substantially greater than in individual arbitration," a statement that is neither controversial nor relevant to whether a stay should be granted here.




Amazon to produce to materials it provided to the FTC that concern the same conduct challenged by plaintiffs).[3]

The subjects of Plaintiffs requests are directly relevant to their claims. Amazon asserts, somewhat bafflingly, that Plaintiffs' requests are "unduly burdensome and disproportionate" because they ask for information about "many other issues" beyond the Buy Box, including "Fulfillment by Amazon." Mot. at 6. But Plaintiffs' theory of the case is that Amazon's Buy Box algorithm is deceptive and unfair because it is "biased in favor of Amazon first-party retail offers or offers from third-party sellers who participate in Fulfillment By Amazon." Compl. ¶ 6. Plaintiffs allege that the algorithm is biased because it factors in "whether the offer qualifies for Amazon Prime," a subscription service that is valuable to sellers because millions of shoppers can search for only Prime-eligible items. *Id.* ¶¶ 32–34, 51–52. And they allege that Amazon wants to incentivize sellers to use FBA because it allows Amazon to charge additional fees for storing, packing, and handling orders. *Id.* ¶¶ 6, 54–58. In other words, all the discovery requests Amazon identifies as "unduly burdensome"—requests going to the fees third-party sellers pay, Amazon Prime, and FBA—are directly relevant to Plaintiffs' claim.

As to the temporal scope of Plaintiffs' requests, Mot. at 6, there can be no burden argument pertaining to productions Amazon has already made. To the extent Amazon has other concerns, it should meet and confer with Plaintiffs regarding the scope of production. In any event, a discovery period that predates the statute of limitations period is not by itself grounds for staying all discovery. Other courts in this District have refused to stay discovery covering even longer periods. For example, in *Paieri*, a putative class representative brought four claims on behalf of three putative subclasses and sought discovery, including individualized information about 465,000 putative class members for the last twenty years, which allegedly required "the production of at least 28 million pages of documents," 2023 WL 8717173, at *4. The court acknowledged that the requests for production "are expansive, seek documents that span

---

[3] *In re Facebook, Inc. S'holder Derivative Priv. Litig.*, 2019 WL 452034 (N.D. Cal. Feb. 5, 2019), cited by Amazon n.1, is inapposite because the case is governed by the PSLRA's automatic discovery stay.

PLAINTIFFS' RESPONSE TO
DEFENDANT'S MOTION TO STAY - 9
Case No. 2:24-cv-00169-MJP

decades, and would impose a significant burden on Defendants." *Id.* at *5. But the court denied the defendants' motion for a stay, holding that even under those circumstances, "a blanket stay on all discovery" was unwarranted. *Id.* at *5.

Amazon argues that in *Bell Atlantic Corp. v. Twombly*, the Supreme Court "emphasized" that "it was important to avoid" the "potential expense" of discovery "prior to a 12(b)(6) ruling." Mot. at 5. Not so. In *Twombly*, the Court clarified the 12(b)(6) pleading standard, and it held that complaints that did not plausibly plead entitlement to relief should be "weeded out" at the motion to dismiss stage, rather than being allowed to proceed through full discovery to summary judgment. 550 U.S. 544, 559 (2007). It said nothing about the operation of the discovery rules, and it certainly did not abrogate the Federal Rules of Civil Procedure, which permit parties to begin serving discovery requests after a Rule 26(f) conference has been held.

Finally, the fact that there are multiple cases pending against Amazon proceeding on different schedules does not constitute a clear case of hardship or inequity. On the contrary, staying discovery is at odds with Amazon's professed interest in coordinating discovery with four pending antitrust cases where discovery is *not stayed*. And there is no inequity in being sued by multiple parties for different reasons. *See De Coster v. Amazon*, 2022 WL 168405, at *1 (W.D. Wash. Jan. 19, 2022) ("Amazon is huge; it may get accused of violating antitrust law [or other laws] many times a year[.]").

### D. A Stay Will Not Simplify Issues, Proof, or Questions of Law

Because Plaintiffs bring a single claim on a single theory of harm, a stay will not aid the "orderly course of justice" by "simplifying or complicating issues, proof, and questions of law." *Hold Sec.*, 2023 WL 7920434, at *2 (quotation omitted). Unlike in a case with multiple claims, there is no possibility that a motion to dismiss will be granted as to some claims but not others, narrowing the universe of relevant documents.

The parties have already raised their respective proposed schedules, including Amazon's request that Plaintiffs not be allowed to brief class certification until the close of discovery in the FTC's and California Attorney General's antitrust actions. Because the plaintiffs in *Frame-Wilson* and *DeCoster* are bringing different claims based on different theories of liability, there is

PLAINTIFFS' RESPONSE TO
DEFENDANT'S MOTION TO STAY - 10
Case No. 2:24-cv-00169-MJP

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

no simplification to be gained by staying discovery until Judge Chun rules on the schedules in those cases, as Amazon requests. Mot. at 7.[4] In *Dorian*, defendant Amazon Web Services moved for a stay pending the outcome of another case it argued was substantially related to its case in the Western District of Washington. 2022 WL 3155369, at *1. The court denied Amazon's stay motion, even though the cases "may be factually related," because the other case "involve[d] different parties, a narrower class, and only somewhat overlapping legal issues," as well as "a distinct theory of liability." *Id.* at *3. The court concluded that given these differences, a stay would not "advance the orderly course of justice by simplifying issues, proof, and questions of law." *Id.* (cleaned up). The same is true here.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Amazon's motion for a discovery stay. Alternatively, Plaintiffs request that the Court limit the stay to materials not previously produced in other litigation or investigations, but permit re-productions or designation of existing discovery materials for use in this case.

DATED this 25th day of June, 2024.

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By:   */s/ Steve W. Berman*
     Steve Berman (WSBA# 12536)
By:   */s/ Barbara Mahoney*
     Barbara Mahoney (WSBA# 31845)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
       barbaram@hbsslaw.com

*Attorneys for Plaintiffs*

---

[4] Plaintiffs already agreed to make reasonable efforts to coordinate their deposition requests of Amazon witnesses with plaintiffs in the FTC, California Attorney General, *De Coster* and *Frame-Wilson* actions. ECF 22 at 6.

PLAINTIFFS' RESPONSE TO
DEFENDANT'S MOTION TO STAY - 11
Case No. 2:24-cv-00169-MJP



I certify that this memorandum contains 4,199 words, in compliance with the Local Civil Rules.

/s/ Steve W. Berman
Steve W. Berman

PLAINTIFFS' RESPONSE TO
DEFENDANT'S MOTION TO STAY - 12
Case No. 2:24-cv-00169-MJP



## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2024, a true and correct copy of the foregoing was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

/s/ *Steve W. Berman*
Steve W. Berman

