The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY TAYLOR and ROBERT SELWAY, on behalf of themselves and all others similarly situated,<br><br>                   Plaintiffs,<br><br>   v.<br><br>AMAZON.COM, INC., a corporation,<br><br>                   Defendant. | No. 2:24-cv-00169-MJP<br><br>**REPLY IN SUPPORT OF AMAZON.COM, INC.'S MOTION TO STAY DISCOVERY**<br><br>NOTE ON MOTION CALENDAR: July 1, 2024 |

REPLY IN SUPPORT OF AMAZON'S MOTION
TO STAY DISCOVERY (No. 2:24-cv-00169-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**CASES**

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)......................................................................................................4

*Del Rio v. Creditanswers, LLC*,
  2010 WL 3418430 (S.D. Cal. Aug. 26, 2010) .........................................................3

*Espy v. CSAA Gen. Ins. Co.*,
  2023 WL 11196893 (D. Colo. Aug. 1, 2023) ..........................................................2

*Hall v. Levorse*,
  536 F. App'x 690 (9th Cir. 2013) ............................................................................2

*Ilyia v. El Khoury*,
  2012 WL 1938568 (W.D. Wash. May 25, 2012).....................................................3

*Kittinger v. Boeing Co.*,
  21 Wn. App. 484 (Wash. Ct. App. 1978) ................................................................2

*Leyva v. Certified Grocers of Cal., Ltd.*,
  593 F.2d 857 (9th Cir. 1979) ...................................................................................6

*Lockyer v. Mirant Corp.*,
  398 F.3d 1098 (9th Cir. 2005) .................................................................................6

*Meros v. Dimon*,
  2018 WL 4560596 (S.D. Ohio Sept. 24, 2018) .......................................................2

*Milton v. Boston Science Corp.*,
  2023 WL 7048217 (W.D. Wash. Oct. 26, 2023)......................................................3

*Montijo v. Amazon.com Servs. LLC*,
  2023 WL 8370425 (C.D. Cal. Mar. 2, 2023) ...........................................................6

*Rodriguez v. Ford Motor Co.*,
  2022 WL 704780 (N.D. Ill. Mar. 9, 2022)................................................................3

*Roybal v. United States*,
  2014 WL 12617288 (D.N.M. Apr. 9, 2014) ............................................................6

*Williams v. Washington*,
  2023 WL 7286729 (W.D. Wash. Oct. 2, 2023) .......................................................2

REPLY IN SUPPORT OF AMAZON'S MOTION
TO STAY DISCOVERY (No. 2:24-cv-00169-MJP) - i

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## **TABLE OF CONTENTS**

I.   INTRODUCTION ..................................................................................................1

II.  ARGUMENT .......................................................................................................2

    A.   Amazon's Motion to Dismiss Raises A Threshold Legal Issue. ..........................2

    B.   Proceeding With Discovery—Especially Uncoordinated Discovery—
        Would Pose A Substantial Burden on Amazon. ..................................................3

    C.   A Discovery Stay Would Not Prejudice Plaintiffs. ............................................5

III. CONCLUSION ....................................................................................................6

REPLY IN SUPPORT OF AMAZON'S MOTION
TO STAY DISCOVERY (No. 2:24-cv-00169-MJP) - ii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION

Plaintiffs' Opposition underscores the several reasons why Amazon's Motion to Stay pending resolution of its Motion to Dismiss ("MTD") should be granted.

First, Amazon's statute of limitations argument presents a threshold legal issue that courts recognize should be resolved before allowing discovery to commence. Plaintiffs do not cite a single case denying a stay motion while a case-dispositive 12(b)(6) statute of limitations argument was pending.

Second, allowing premature discovery for this putative class of "hundreds of millions" of Amazon consumers would impose a substantial burden on Amazon. That burden will be exacerbated if discovery proceeds prematurely and ahead of several other pending actions against Amazon in this Court, including actions brought by Plaintiffs' same counsel. Notably, Judge Chun recently granted a coordination order extending discovery in those cases through August 8, 2025. There is no reason this case should proceed on a faster track, particularly before Amazon's dispositive arguments are resolved.

Third, Plaintiffs' claim of prejudice from a stay rings hollow: they admit they sat on their claim for at least three years before filing their Complaint. There is no urgent need for discovery.

Finally, Amazon offered Plaintiffs a compromise proposal—offering to reproduce to Plaintiffs certain materials they requested from other pending cases—while Amazon's Motion to Dismiss is pending. That proposal strikes the right balance between Plaintiffs receiving discovery materials that mitigate any conceivable prejudice from a stay, without imposing undue burden on Amazon while its Motion to Dismiss is pending.

The Court should grant Amazon's motion and stay discovery pending resolution of its Motion to Dismiss.

REPLY IN SUPPORT OF AMAZON'S MOTION
TO STAY DISCOVERY (2:24-cv-00169-MJP) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## II. ARGUMENT

### A. Amazon's Motion to Dismiss Raises A Threshold Legal Issue.

Plaintiffs concede that discovery stays are often awarded in cases where a party raises dispositive "threshold" issues in a motion to dismiss. Opp. 1. That is precisely why a stay is warranted here. Mot. 3.

Plaintiffs try to dodge this rule by arguing erroneously that Amazon's Motion to Dismiss does not raise such threshold issues. Not so. As Amazon explained in its stay motion, courts in the Ninth Circuit and across the country recognize that "a motion to dismiss asserting a statute of limitations [defense] *necessarily* raises a threshold issue, as such a motion requires the complaint to be plain that the dates of pertinent acts are not in dispute." *Espy v. CSAA Gen. Ins. Co.*, 2023 WL 11196893, at *2 (D. Colo. Aug. 1, 2023) (emphasis added) (citing cases); *see, e.g.*, *Hall v. Levorse*, 536 F. App'x 690, 691 (9th Cir. 2013) (unreported) (holding court did not abuse discretion in staying discovery pending resolution of motion to dismiss on statute of limitations grounds); *Williams v. Washington*, 2023 WL 7286729, at *1, 4 (W.D. Wash. Oct. 2, 2023) (noting previous stay pending resolution of motion to dismiss on statute of limitations grounds); *Meros v. Dimon*, 2018 WL 4560596, at *2 (S.D. Ohio Sept. 24, 2018) (granting stay where "threshold legal questions," including the statute of limitations, "would be substantially vitiated absent a stay" (internal quotation omitted)); Mot. 3 (citing cases).[1] This rule makes sense; to suggest otherwise and allow discovery to proceed would vitiate a core purpose of the limitations period—"to instill a measure of certainty and finality into one's affairs by eliminating the fears and burdens of threatened litigation." *Kittinger v. Boeing Co.*, 21 Wn. App. 484, 486-87 (Wash. Ct. App. 1978).

Against the great weight of this authority, Plaintiffs do not cite even a single case in which a court declined to stay discovery pending resolution of a case-dispositive 12(b)(6) motion on statute of limitations grounds. Opp. 3. Plaintiffs cite *Milton v. Boston Science Corp.*, 2023 WL

---

[1] Plaintiffs erroneously suggest these cases are "inapposite" because some involved a "time-bar [that] was plain from the face of the complaint or from filings in other court proceedings by the same plaintiff." Opp. 3-4. But Plaintiffs do not explain how this is meaningfully different from this case, where the time-bar to Plaintiffs' claim is plain from the face of the Complaint and noticeable filings by Plaintiffs' counsel. *See* Mot. 3; MTD, 6-9; MTD Reply, 1-3.

REPLY IN SUPPORT OF AMAZON'S MOTION TO STAY DISCOVERY (2:24-cv-00169-MJP) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

7048217 (W.D. Wash. Oct. 26, 2023), for the unremarkable proposition that determining whether a claim is time-barred involves questions of fact. But that is irrelevant here because Amazon's Motion to Dismiss rests entirely on information properly considered at the 12(b)(6) motion stage. Far from being a "deeply fact-bound argument that can only be resolved by further discovery," Opp. 3, the Court can decide that issue on the face of the Complaint and materials available in the Court's docket. *See* MTD 6-9. For example, Plaintiffs' Complaint cites publications predating the limitations period that show their claim is time-barred. *See, e.g.*, MTD Reply 2; Compl. 2 n.2, 16 nn.45-46, 17 n.48.

Plaintiffs also fail to offer any persuasive reason why Amazon's multiple other 12(b)(6) arguments do not raise threshold issues. In particular, Plaintiffs do not address Amazon's point that their discovery requests amount to a "fishing expedition" meant to uncover supporting facts for their baseless allegation of "injury." *See* Mot. 4.

### B. Proceeding With Discovery—Especially Uncoordinated Discovery—Would Pose A Substantial Burden on Amazon.

Denying Amazon's stay motion would impose undue burden on Amazon, for three reasons.

First, this is a massive putative class action covering "hundreds of millions of U.S. consumers." Mot. 5. Plaintiffs ignore most of the cases Amazon cited on this issue, which emphasize that "[g]iven the burden, time, and expense often associated with responding to discovery in a putative class action, courts regularly stay discovery pending a ruling on a motion to dismiss." *Rodriguez v. Ford Motor Co.*, 2022 WL 704780, at *2 (N.D. Ill. Mar. 9, 2022) (citing cases); *Del Rio v. Creditanswers, LLC*, 2010 WL 3418430, at *4 (S.D. Cal. Aug. 26, 2010). While Plaintiffs point to other class actions in which a stay was denied, none involved an alleged class anywhere near the size of the class alleged here, and none support Plaintiffs' argument that class size and discovery burden are not important considerations when weighing a stay. Plaintiffs argue that *Twombly* does not concern the burdens of entering into class discovery. Opp. 10. But they are wrong. In *Twombly*, the Supreme Court warned it was important not to "send[] the parties *into*

REPLY IN SUPPORT OF AMAZON'S MOTION
TO STAY DISCOVERY (2:24-cv-00169-MJP) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

discovery" where, as here, "there is no reasonable likelihood that the plaintiffs can construct a claim." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (emphasis added) (citation omitted).

Second, Plaintiffs' overbroad discovery requests would impose a substantial burden on Amazon. Plaintiffs argue they do not seek "hundreds of millions" of documents. Opp. 8. But that is certainly not the threshold for burdensome discovery. Plaintiffs do not dispute that they seek, for example, voluminous "internal communications" on numerous topics, including "Amazon's efforts to increase the number of third-party sellers using" its fulfillment program. Mot. 6. Plaintiffs also seek expansive discovery into "questions or complaints from third-party sellers regarding" Amazon's fulfillment program. They do not dispute that their request for Amazon to collect and review such communications with its *millions* of sellers would be burdensome.

In addition, Plaintiffs fail to offer any justification for their burdensome demand that Amazon produce documents from a *ten-year* time period—even though the limitations period is only four years. Mot. 6. They misleadingly suggest there is no burden to "productions Amazon has already made." Opp. 9. But Plaintiffs' requests, and ten-year time period, are not limited to such productions. Mot. 6.[2]

Plaintiffs' Opposition underscores that many of their requests lack any arguable relevance. Plaintiffs contend they "seek only documents that are squarely implicated by the claims in this case." Opp. 8. But the requests show that is untrue; in no world are all "questions or complaints" from Amazon's millions of third-party *sellers* regarding Amazon's fulfillment program, or Amazon's internal communications about third-party *sellers*, "squarely implicated" in a *consumer* class action that hinges on *consumers'* reasonable beliefs about the Featured Offer.

Third, multiple other cases brought by Plaintiffs' counsel against Amazon are now the subject of a coordination order, and there is no reason this case should run ahead. The same day Plaintiffs filed their Opposition, Judge Chun ordered that fact discovery in *De Coster v. Amazon.com, Inc.*, No. 2:21-cv-00693-JHC; *Frame-Wilson v. Amazon.com, Inc.*, No. 2:20-cv-00424-JHC; and *Brown v. Amazon.com, Inc.*, No. 2:22-cv-00965 should be coordinated with

---

[2] And as to the prior productions, Amazon made a compromise offer. *See infra*, at 6.

REPLY IN SUPPORT OF AMAZON'S MOTION
TO STAY DISCOVERY (2:24-cv-00169-MJP) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

discovery in *FTC v. Amazon.com, Inc.*, No. 2:23-cv-01495-JHC and *California v. Amazon.com, Inc.*, No. CGC-22-601826. *See De Coster* Dkt. 160. As a result of Judge Chun's coordination order, fact discovery in those five cases will close on August 8, 2025. *Id.* at 6.

Plaintiffs' suggestion that a stay is "at odds" with coordination is simply incorrect. Discovery should be stayed because Amazon's Motion to Dismiss can be resolved on the threshold ground that Plaintiffs' Complaint was untimely or, in the alternative, because Plaintiffs failed to adequately plead the elements of a CPA claim. To the extent discovery happens in this case, it should be coordinated with the five pending cases because of the efficiencies to be gained from the conceded and anticipated overlap across those cases. As Amazon explained, those efficiencies can be realized even if discovery begins in earnest following a brief stay. Plaintiffs do not (and cannot) dispute that there will be sufficient time to complete discovery by August 2025.

Plaintiffs argue "there is no simplification to be gained by staying discovery" because the coordinated cases have different theories of liability from this case. Opp. 10-11. But this argument cannot be reconciled with Plaintiffs' discovery requests which explicitly seek documents produced by Amazon in the *Frame-Wilson* and *De Coster* cases, which are among the cases Judge Chun coordinated for purposes of discovery. *See, e.g.*, Dkt. 28-1 (Request Nos. 1-6). Plaintiffs' argument is further belied by their continued pressure for discovery from those related cases in their Opposition. Opp. 5-6, 8.

### C. A Discovery Stay Would Not Prejudice Plaintiffs.

The Opposition fails to establish that Plaintiffs would be prejudiced by a brief stay.

At the outset, Plaintiffs concede they have been on notice of the basis for their claim since "November 2020," Opp. 2, and thus, failed to bring their suit for *at least three years*. It is therefore impossible for them to establish any prejudice from a brief delay while the Court considers Amazon's Motion. *See, e.g.*, *Montijo v. Amazon.com Servs. LLC*, 2023 WL 8370425, at *1-3 (C.D. Cal. Mar. 2, 2023) (plaintiff who brought claim nearly five years after first being injured was "unlikely to suffer any prejudice resulting [from] a stay"); *Roybal v. United States*, 2014 WL

REPLY IN SUPPORT OF AMAZON'S MOTION
TO STAY DISCOVERY (2:24-cv-00169-MJP) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

12617288, at *2 (D.N.M. Apr. 9, 2014) (similar). Their claims simply have no "urgency." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1111 (9th Cir. 2005) (citation omitted).[3]

In similar circumstances, courts routinely grant stays. Mot. 7-9 (citing cases). The Opposition does not cite even a single case in which a stay pending resolution of a motion to dismiss was denied after the plaintiff similarly waited years to bring a claim.

Plaintiffs' concerns about "substantial delay" to their proposed class certification briefing schedule assumes their schedule will be granted. But under Amazon's competing proposal, Dkt. 22, at 8-10, class certification briefing would be due in August 2025, well within the timeframe that Plaintiffs anticipate if the stay is imposed. *See* Opp. 5. Notably, neither the requested stay nor Amazon's proposed close of fact discovery would disturb any Court-imposed deadlines.

Finally, Plaintiffs cannot establish prejudice for yet another reason: Amazon has offered a compromise that would mitigate any arguable burden from a stay. As before, Amazon remains committed to working with Plaintiffs to allow "certain responsive documents already provided by Amazon to Plaintiffs' counsel … to be used in this case." Dkt. 22, ¶ 4(f); Dkt. 28-1, at 3. To that end, and in the interest of compromise, Amazon offered to stipulate to Plaintiffs' proposed alternative relief, i.e., the production of certain previously-produced materials from the *De Coster* and *Frame-Wilson* cases while Amazon's Motion to Dismiss is pending. Opp. 11. Plaintiffs have advised they are considering this proposal. If they agree (or if the Court grants a stay to that effect), Plaintiffs would have substantial document productions to keep them occupied through any stay period.

### III. CONCLUSION

For the foregoing reasons, the Court should stay discovery pending resolution of Amazon's Motion to Dismiss.

DATED this 1st day of July, 2024.

---

[3] Plaintiffs misread *Lockyer*; the passage they cite regarding lost wages is actually discussing a separate case, *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857 (9th Cir. 1979).

REPLY IN SUPPORT OF AMAZON'S MOTION
TO STAY DISCOVERY (2:24-cv-00169-MJP) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Davis Wright Tremaine LLP

By *s/ John Goldmark*
 John Goldmark, WSBA #40980
 920 Fifth Avenue, Suite 3300
 Seattle, WA 98104-1610
 Telephone: 206-622-3150
 Email: johngoldmark@dwt.com

Williams & Connolly LLP

 John E. Schmidtlein (*pro hac vice*)
 Kevin M. Hodges (*pro hac vice*)
 Carl R. Metz (*pro hac vice*)
 Jenny N. Wheeler (*pro hac vice*)
 680 Maine Avenue SW
 Washington, D.C. 20024
 Telephone: 202-434-5000
 Email: jschmidtlein@wc.com
 Email: khodges@wc.com
 Email: cmetz@wc.com
 Email: jwheeler@wc.com

Paul, Weiss, Rifkind, Wharton & Garrison LLP

 Karen L. Dunn (*pro hac vice* pending*)*
 William A. Isaacson (*pro hac vice* pending*)*
 Amy J. Mauser (*pro hac vice*)
 Kyle Smith (*pro hac vice* pending*)*
 2001 K Street, NW
 Washington, D.C.
 Telephone: 202-223-7300
 Email: kdunn@paulweiss.com
 Email: wisaacson@paulweiss.com
 Email: amauser@paulweiss.com
 Email: ksmith@paulweiss.com

 Meredith Dearborn (*pro hac vice)*
 535 Mission Street, 24th Floor
 San Francisco, CA 94105
 Telephone: 628-432-5100
 Email: mdearborn@paulweiss.com

*Attorneys for Defendant Amazon.com, Inc.*

*I certify that this memorandum contains 2,085 words, in compliance with the Local Civil Rules.*

REPLY IN SUPPORT OF AMAZON'S MOTION
TO STAY DISCOVERY (2:24-cv-00169-MJP) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax