UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY TAYLOR and ROBERT SELWAY,<br><br>                    Plaintiffs,<br><br>    v.<br><br>AMAZON.COM, INC.,<br><br>                    Defendant. | CASE NO. No. 2:24-cv-00169-MJP<br><br>ORDER GRANTING STAY |

This matter comes before the Court on Defendant Amazon.com, Inc.'s Motion to Stay Discovery. (Dkt. No. 23.) Having reviewed the Motion, the Opposition (Dkt. No. 27), the Reply (Dkt. No. 31), and all other supporting material, the Court GRANTS the Motion. Discovery in this case is STAYED. If Plaintiffs amend their complaint, the Parties are to meet and confer and report to the Court no later than 10 days after Amazon's response to the amended complaint is due.

//

## BACKGROUND

This case arises out of a claim brought by Plaintiffs Jeffrey Taylor and Robert Selway accusing Defendant Amazon.com, Inc., of violating the Washington Consumer Protection Act, RCW § 19.86.010. Amazon moved to dismiss Plaintiffs' complaint for failure to state a claim. (Dkt. No. 13.) The Court granted Amazon's Motion to Dismiss and gave Plaintiffs 30 days to amend their complaint. (Dkt. No. 33.) While that decision was pending, Amazon moved for a stay of discovery pending the resolution on its motion to dismiss. (Dkt. No. 23.)

## ANALYSIS

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." Dietz v. Bouldin, 579 U.S. 40, 47 (2016) (collecting cases). And district courts have wide discretion in controlling discovery, including by staying discovery. See Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). This is particularly true when a complaint is dismissed for failing to state a claim. Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987) ("It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery.").

The Court finds that allowing discovery to move forward here—where the Plaintiffs' single CPA claim has been dismissed—is an unecessary burden on Amazon. The Court understands that the Parties have already engaged in an initial round of discovery requests and responses. However, because Plaintiffs have "fail[ed] to establish the requisite elements" of their CPA allegation, the Court declines to require Amazon to incur additional "costly and time consuming discovery . . . work," as doing so "would represent an abdication of [this Court's] judicial responsibility." Rutman Wine, 829 F.2d at 738.

The Court GRANTS Amazon's Motion and ORDERS that all discovery deadlines related to this case, including those related to requests currently outstanding, are STAYED. If Plaintiffs amend their complaint, the Court ORDERS the Parties to meet and confer and then report to the Court no later than 10 days after Amazon's response to the amended complaint is due. The Parties should specifically discuss and report on the following: (1) whether the stay of discovery should be kept in place if Amazon again moves to dismiss, and (2) whether the Court should consider any limits on discovery if Amazon again moves to dismiss.

The clerk is ordered to provide copies of this order to all counsel.

Dated July 9, 2024.

Marsha J. Pechman
United States Senior District Judge