UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY TAYLOR and ROBERT SELWAY,<br><br>      Plaintiffs,<br><br>  v.<br><br>AMAZON.COM, INC.,<br><br>      Defendant. | CASE NO. 2:24-cv-00169-MJP<br><br>ORDER DENYING RECONSIDERATION |

This matter comes before the Court on Plaintiffs Jeffrey Taylor and Robert Selway's Motion for Reconsideration. (Dkt. No. 53.) Having reviewed the Motion, Defendant Amazon.com Inc.'s response (Dkt. No. 58), the reply (Dkt. No. 61), and all supporting materials, the Court DENIES the Motion.

"Motions for reconsideration are disfavored." Local Civil Rule 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention

1  earlier with reasonable diligence." Id.; see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma,
2  571 F.3d 873, 880 (9th Cir. 2009) (finding a motion for reconsideration warranted only when a
3  district court is presented with newly discovered evidence, committed clear error, or when there
4  is an intervening change in the controlling law) (citing 389 Orange St. Partners v. Arnold, 179
5  F.3d 656, 665 (9th Cir. 1999)).

6  Plaintiffs seek reconsideration of the Court's Order Granting Defendant's Motion to
7  Dismiss. (Dkt. No. 51.) Specifically, Plaintiffs claim that the Court erred by concluding as a
8  matter of law that Amazon's alleged practices were not deceptive or unfair under the Washington
9  Consumer Protection Act. (Mot. at 2 (citing Dkt No. 51 at 8).) The Court disagrees.

10  Plaintiffs assert that in Greenberg v. Amazon.com, Inc., the Washington Supreme Court
11  concluded that when facing a CPA claim, the "'jury decides whether a particular act is unfair [or
12  deceptive] in situations where a plaintiff advances a claim that is not regulated by statute or some
13  other well-established source of public policy, and where the underlying facts regarding the
14  defendant's conduct is disputed.'" (Mot. at 2 (alteration in original) (quoting Greenberg v.
15  Amazon.com, Inc., 3 Wn.3d 434, 471 (2024) as amended (Aug. 16, 2024)).) As an initial
16  consideration, Greenberg explicitly did not discuss or analyze "deceptive" conduct under the
17  CPA, instead focusing on unfairness alone. Id. at 454–55 ("[O]ur focus is on unfairness because
18  the plaintiffs do not allege that Amazon's conduct was deceptive."). Therefore, Plaintiffs'
19  reliance on Greenberg only applies to the Court's conclusion that, as a matter of law, Amazon's
20  practices were not unfair (See Dkt. No. 51 at 11–14 (discussing Plaintiffs' "unfair" allegations).

21  Plaintiffs' interpretation of Greenberg is incorrect. Greenberg states that "where the
22  underlying facts are undisputed, the court decides the matter as a question of law." Greenberg, 3
23  Wn.3d at 471–72. On a motion to dismiss, there is no factual dispute because the court "accept[s]
24

1  all well pleaded allegations of material fact as true." (Dkt. No. 51 at 7 (quoting <u>Livid Holdings</u>
2  <u>Ltd. v. Salomon Smith Barney, Inc.</u>, 416 F.3d 940, 946 (9th Cir. 2005); <u>Wyler Summit P'ship v.</u>
3  <u>Turner Broad. Sys.</u>, 135 F.3d 658, 661 (9th Cir. 1998)). Therefore, even under <u>Greenberg</u>, the
4  Court was able to decide whether Amazon's practices were not unfair as a matter of law. 3
5  Wn.3d at 475 ("the facts at the dismissal stage are not in dispute, which in turn permits an issue
6  to be decided as a question of law.").

   Finding that Plaintiffs have failed to show manifest error in the prior ruling, the Court
DENIES Plaintiffs' Motion for Reconsideration (Dkt. No. 53).

   The clerk is ordered to provide copies of this order to all counsel.

   Dated February 26, 2025.

Marsha J. Pechman
United States Senior District Judge